[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, Slip Opinion No. 2023-Ohio-1241.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1241

THE STATE EX REL. WOODS *v.* LAWRENCE COUNTY SHERIFF'S OFFICE ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, Slip Opinion No. 2023-Ohio-1241.]**

*Mandamus—Public Records Act—Statutory damages—Petition denied as moot.*

(No. 2022-1359—Submitted January 10, 2023—Decided April 19, 2023.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Franklin Woods, an inmate at the Chillicothe Correctional Institution, submitted a public-records request to the Lawrence County Sheriff's Office Records Department on August 1, 2022. When the sheriff's office did not provide Woods with the requested records, Woods filed this action against respondents, Lawrence County Sheriff's Office, Lawrence County Sheriff Jeffery S. Lawless, and Major John Chapman of the Lawrence County Sheriff's Office (collectively, "the sheriff"). Woods requests a writ of mandamus ordering the

sheriff to produce the requested records pursuant to the Public Records Act, R.C. 149.43. Woods also requests awards of statutory damages, attorney fees, and court costs.

**{¶ 2}** Because the sheriff has since provided Woods with the requested records, we deny as moot Woods's petition for a writ of mandamus. We also decline to award attorney fees and court costs. We do, however, award statutory damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 3}** On August 1, 2022, Woods sent a letter by certified mail[1] to the Lawrence County Sheriff's Office Records Department stating:

> I am writing to request a written retention schedule for:
> 1.) Incident reports
> 2.) Dispatch calls
> 3.) Dash cam footage
> 4.) Arrest Reports
> 5.) Incoming - outgoing calls.

**{¶ 4}** Major Chapman responded to Woods in a letter mailed on August 26, 2022, stating, "The letter you sent to the Lawrence County Sheriff's Office is too vague to determine your requests."

**{¶ 5}** On November 4, 2022, Woods filed this action requesting a writ of mandamus ordering the sheriff to produce the requested records. Woods also requests awards of statutory damages, attorney fees, and court costs. In its November 22 answer to Woods's complaint, the sheriff stated that the requested

---

1. Woods's letter is dated July 19, 2022, but the certified-mail receipt shows it was mailed on August 1.

records were sent to Woods on November 16.  The sheriff also filed a motion for judgment on the pleadings.  On December 14, Woods notified this court that he had received the requested records from the sheriff, and he renewed his request for awards of statutory damages and court costs.

## II.  LEGAL ANALYSIS

### A.  *Writ of Mandamus*

**{¶ 6}** The parties agree that the requested records have now been produced. "In general, a public-records mandamus case becomes moot when the public office provides the requested records." *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 7, citing *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43.  We therefore grant the sheriff's motion for judgment on the pleadings as to Woods's mandamus claim and deny the claim as moot.

**{¶ 7}** Woods's requests for statutory damages, attorney fees, and court costs, however, are not moot.  *See id.* at ¶ 7-8 (court costs and statutory damages); *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 10 (attorney fees).

### B.  *Statutory Damages*

**{¶ 8}** R.C. 149.43(C)(2) provides that a requester shall be entitled to statutory damages if (1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to comply with its obligations in accordance with R.C. 149.43(B).[2]  Woods mailed his public-records request to the sheriff by certified mail, making him eligible for an award of statutory damages.  *See id.*

---

2. Woods's public-records request is governed by former R.C. 149.43, 2022 Sub.H.B. No. 93.  All references to R.C. 149.43 refer to that version of the statute.

**{¶ 9}** Woods requested "a written retention schedule" for various types of records maintained by the sheriff's office. The sheriff argues that Woods's request was vague and that Woods should have specified that he was requesting the "Lawrence County Sheriff's Office's Record Retention Schedule." We disagree. Woods's public-records request fairly described to the sheriff that he was requesting the records-retention schedule of the Lawrence County Sheriff's Office. The sheriff failed, however, to promptly provide the records-retention schedule to Woods. Woods, therefore, is entitled to an award of statutory damages.

**{¶ 10}** Statutory damages are set at $100 for each business day that the public office fails to comply with its obligations under R.C. 149.43(B), starting with the day the requester files a mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2). Woods submitted his public-records request to the sheriff's office on August 1, 2022, and he filed this mandamus action on November 4; the sheriff did not provide the records-retention schedule until November 16. Accounting for the Veterans Day holiday on November 11, the sheriff did not comply with its obligations under R.C. 149.43(B) until seven business days after Woods filed this mandamus action. Woods is therefore entitled to $700 in statutory damages.

*C. Attorney Fees and Court Costs*

**{¶ 11}** Woods also requests attorney fees under R.C. 149.43(C)(1)(b), if he "retain[ed] counsel for this matter." The record contains no indication that Woods retained counsel in relation to this mandamus claim, and as a pro se litigant, he is not entitled to attorney fees under the Public Records Act. *See State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 251, 643 N.E.2d 126 (1994).

**{¶ 12}** Finally, Woods requests an award of court costs under R.C. 149.43(C)(1)(b). Woods filed an affidavit of indigency in this matter, so there are no court costs to award.

### III. CONCLUSION

**{¶ 13}** For the reasons stated above, we grant the sheriff's motion for judgment on the pleadings in part and deny it in part, deny as moot Woods's claim for a writ of mandamus, and decline to award attorney fees and court costs. We award Woods $700 in statutory damages. We deny as moot Woods's motion for leave to file judicial notice, Wood's motion for judicial notice of adjudicated facts, and the sheriff's motion to strike relator's status update.

Judgment accordingly.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., concurs in part and dissents in part and would not award statutory damages.

––––––––––––––––––

Franklin Woods, pro se.

Lambert Law Office, Randall L. Lambert, and Cassaundra L. Sark, for respondents.

––––––––––––––––––