**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grim v. New Holland*, Slip Opinion No. 2024-Ohio-4822.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4822

[THE STATE EX REL.] GRIM *v*. THE VILLAGE OF NEW HOLLAND.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grim v. New Holland*, Slip Opinion No. 2024-Ohio-4822.]

*Mandamus—Public-records requests—Relator's public-records requests have been satisfied, and relator failed to prove amount of statutory damages to which he is entitled—Writ denied as moot and statutory damages and court costs denied.*

(No. 2023-0069—Submitted September 3, 2024—Decided October 9, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. KENNEDY, C.J., concurred in part and concurred in the judgment, with an opinion.

**Per Curiam.**

{¶ 1} In this original action, relator, Jeffrey S. Grim, originally sought (1) a writ of mandamus ordering respondent, the Village of New Holland ("the village"), to permit Grim to inspect or copy certain public records and (2) statutory damages and court costs. The parties resolved the public-records dispute during mediation, but the issues of statutory damages and court costs remain. For the reasons explained below, we deny as moot Grim's claim for a writ of mandamus and deny his requests for statutory damages and court costs.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Grim submitted several public-records requests to the village between 2020 and 2022. The requests generally concerned (1) whether the village followed the proper procedure when it changed the speed limit for a certain road and (2) Grim's numerous traffic tickets and related court proceedings for speeding on that road. The exhibits attached to Grim's complaint include multiple email exchanges in which he requested public records from village employees or officials.

{¶ 3} In January 2023, Grim filed his complaint, asserting that the village had improperly refused him access to the requested records. We referred the case to mediation. 2023-Ohio-190. After about a year, the case was returned to the regular docket, 2024-Ohio-1, and the village filed an answer. We granted an alternative writ setting a schedule for the submission of evidence and briefs. 2024-Ohio-880.

{¶ 4} Both parties have filed briefs and evidence. In their briefs, the parties agree that Grim's public-records requests have been resolved.

## II. ANALYSIS

### A. Mandamus Claim Is Moot

{¶ 5} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C.

149.43(C)(1)(b). In general, however, providing the requested records to the relator after the suit is filed in a public-records mandamus case renders the mandamus claim moot. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14. Because both parties in this case agree that Grim's public-records requests have been satisfied, his mandamus claim is moot. However, Grim's requests for statutory damages and court costs are not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

**B. Grim Is Not Entitled to Statutory Damages**

*1. Standard for statutory damages*

{¶ 6} A public-records requester shall be entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). R.C. 149.43(B) provides that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Grim bears the burden to prove by clear and convincing evidence that he is entitled to statutory damages. *See State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 22 (holding that the relator failed to prove by clear and convincing evidence that he had sent records request by certified mail). "'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case and that produces in the trier of fact's mind a firm belief as to the fact sought to be established." *State ex rel. Howson v. Delaware Cty. Sheriff's Office*, 2023-Ohio-1440, ¶ 18.

{¶ 7} In this case, there is no dispute that Grim sent at least some of his public-records requests by electronic means. Nor is there a dispute as to the

requests being directed to the proper person or as to whether they fairly described what records Grim sought. And the village does not argue that it provided the records within a reasonable period of time. The parties do dispute, however, the number of requests for which Grim may recover statutory damages and the amount of damages to which he is entitled.

## 2. *Grim did not waive statutory damages*

**{¶ 8}** As an initial matter, the village argues that Grim waived his claim for statutory damages by failing to assert a separate argument in support of the claim. However, unlike the relators' brief in the case cited by the village, Grim's brief does include an argument as to statutory damages. Accordingly, Grim did not waive the issue. *See HealthSouth Corp. v. Levin*, 2009-Ohio-584, ¶ 18, fn. 2 ("the omission of an argument from a party's brief may be deemed to waive that argument").

## 3. *Only six public-records requests are potentially eligible for statutory damages*

**{¶ 9}** Grim argues that he is entitled to statutory damages in connection with 59 public-records requests. However, according to Grim, 22 of the requests were made verbally, not in writing. Even though Grim recorded himself verbally requesting the records, he is not entitled to statutory damages for any of the 22 requests because only written public-records requests submitted by hand delivery, electronic submission, or certified mail are eligible for statutory damages, R.C. 149.43(C)(2).

**{¶ 10}** Grim submitted the remaining 37 of the 59 public-records requests by email, which constitutes electronic submission. However, many of the emails asked for multiple records, and some of the records were requested in multiple emails. When a requester has sent multiple requests to the same office on the same day concerning the "same general subject matter," the requester is entitled to only a single statutory-damages award, not an award for each record requested. *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 31. Furthermore, R.C. 149.43(C)(2) "'does

not permit stacking of statutory damages based on what is essentially the same records request.' " *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 22, quoting *State ex rel. Dehler v. Kelly*, 2010-Ohio-5724, ¶ 4. Based on this caselaw, the village argues that if Grim is entitled to statutory damages, "the award should be limited to five separate requests."

{¶ 11} The public-records requests at issue are contained in Exhibits B, C, D, E, G, and I attached to Grim's complaint.[1] The four requests in Exhibit B amount to one public-records request for purposes of statutory damages, Exhibit C contains one request, and the two requests in Exhibit D amount to one request. Although Grim asserts that Exhibit G contains 26 public-records requests, that assertion is false. All the requested items concern the same general subject and were requested from the same person on the same day. Therefore, they amount to one public-records request for purposes of calculating statutory damages. *Parikh* at ¶ 31.

{¶ 12} Exhibit I contains one public-records request seeking documentation showing that the Ohio Department of Transportation had acknowledged the village ordinance that changed the speed limit. In Exhibit E, Grim repeats this request in an email sent the next day. The village argues that Exhibit E should not count as a separate request. However, Exhibit E also contains a request for an engineering study, if one had been performed, which is not duplicative. Therefore, Exhibit E contains one public-records request for purposes of calculating statutory damages.

{¶ 13} In total, for purposes of calculating statutory damages, the exhibits that Grim submitted with his complaint show that he sent the village six public-records requests.

---

1. Exhibit F does not contain a request for a public record; instead, Grim asks in Exhibit F, "How do you handle your filings?" That is a request for information, not a public-records request. *See State ex rel. Griffin v. Sehlmeyer*, 2022-Ohio-2189, ¶ 12 ("a request for information is not a proper records request").

*4. Grim has not proved when he received the requested records*

**{¶ 14}** The remaining question is the amount of statutory damages to which Grim is entitled in connection with the six public-records requests at issue. "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15, citing R.C. 149.43(C)(2).

**{¶ 15}** Grim has failed to carry his burden of proving the amount of damages to which he is entitled. To enable us to calculate statutory damages, Grim must prove when he received the requested records. *See Horton* at ¶ 15. If the village provided Grim with the records on the day that he filed the mandamus action, he would not be entitled to damages. *See* R.C. 149.43(C)(2).

**{¶ 16}** Grim does not provide, in either his brief or his evidence, the dates when he received the public records he asked for in the six requests at issue. The village's evidence shows that it emailed Grim certain records on certain dates, but that is not clear and convincing evidence that he received the records for the first time on those dates. Instead, the emails make it seem just as likely that the records provided with the emails were merely additional copies—i.e., that Grim may have already received the records on a previous, unknown date.

**{¶ 17}** For instance, in a March 10, 2023 email, the village's attorney wrote to Grim that she believed he had already picked up some of the documents on the list that she was sending him. In another email chain, Grim asked the same attorney whether she would be sending more records, stating that he thought there were numerous items listed in one request that had not been provided. The attorney responded that she had already provided to him all the responsive records that were in the village's possession, and she asked him what he thought had not been provided. If Grim responded further, such an email was not submitted as evidence.

6

{¶ 18} It appears that the village's attorney sent Grim *some* records for the first time along with the March 10, 2023 email. However, those documents are not identified, nor are the attachments to the email provided. Accordingly, it is unknown whether these records were responsive to Grim's public-records requests or whether the village sent them in response to another request. Indeed, the latter possibility is plausible because other emails indicate that Grim continued to request new public records during the mediation process.

{¶ 19} In conclusion, Grim has not proved the amount of statutory damages to which he is entitled. A relator is required to prove by clear and convincing evidence that he is entitled to statutory damages. *See Galonski*, 2024-Ohio-1064, at ¶ 22. Therefore, we deny Grim's request for statutory damages.

### C. Grim Is Not Entitled to Court Costs

{¶ 20} Grim also requested an award of court costs, but there are no court costs to award because he filed an affidavit of indigency. *See State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 2023-Ohio-1543, ¶ 16. Therefore, we deny Grim's request for court costs.

### III. CONCLUSION

{¶ 21} As explained above, we deny as moot Grim's claim for a writ of mandamus. We also deny his requests for statutory damages and court costs.

Writ denied as moot.

_____

**KENNEDY, C.J., concurring in part and concurring in the judgment.**

{¶ 22} I concur in the majority's denial of relator Jeffrey Grim's petition for a writ of mandamus as moot. I also concur in the majority's denial of Grim's request for statutory damages because he has not proved when he received the records he requested. And I concur in the majority's denial of Grim's request for court costs because there are no court costs. I do not join Part II(B)(3) of the

majority opinion, however, because the majority continues to flout the text of R.C. 149.43, the Public Records Act, when analyzing statutory-damages awards.

**{¶ 23}** Relying on *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, the majority asserts that "[w]hen a requester has sent multiple requests to the same office on the same day concerning the 'same general subject matter,' the requester is entitled to only a single statutory-damages award, not an award for each record requested." Majority opinion, ¶ 10, quoting *Parikh* at ¶ 31. But none of those requirements—the "same office," the "same day," or the "same general subject matter"—can be found in R.C. 149.43. Rather, the "transmi[ssion]," R.C. 149.43(C)(2), of the public-records request is what controls the statutory-damages analysis. *Parikh* at ¶ 48 (Kennedy, C.J., concurring in part and concurring in judgment only in part). Read the text for yourself:

> If a requester *transmits* a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in [R.C. 149.43(C)] if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)].

(Emphasis added.) R.C. 149.43(C)(2).

**{¶ 24}** Is it impossible to square the majority's view with the plain text of R.C. 149.43. Imagine that someone emails a public office at 1:00 p.m. on a Tuesday asking for a public record. That night at 11:59 p.m., the person sends the same

office a second request, asking for a separate record that relates to a similar issue. Under the majority's mysterious reading of R.C. 143.49, if the public office fails to comply with its obligation under R.C. 149.43(B)(1) as to both requests, then the requester will receive only a single statutory-damages award—that is, if the justices or judges hearing the case can all agree on what the "same general subject matter" includes. But if the requester had waited two more minutes and made the second request on Wednesday at 12:00 a.m., then the requester would receive two statutory-damages awards, since the requests would no longer have been sent on the "same day."

{¶ 25} This example shows one of many absurdities caused by the majority's holding in *Parikh*—that *Parikh*'s "same day" requirement created an arbitrary 24-hour rule that is not found in R.C. 149.43. What is even more troubling is that judges are now tasked with determining what constitutes the "same general subject matter." It was not the General Assembly that gave these directives but, rather, the majority in *Parikh*. The court created something out of nothing. This test's "made-up-ed-ness is a flashing red light—prima facie evidence, if you will, that something is amiss," *Tynes v. Florida Dept. of Juvenile Justice*, 88 F.4th 939, 952 (11th Cir. 2023) (Newsom, J., concurring). As the judiciary, we lack such extensive "editorial freedom" over the laws of this state, *Free Ent. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 510 (2010). Let us return to the text of R.C. 149.43 when analyzing statutory-damages awards and focus on a requester's transmission instead.

{¶ 26} Therefore, I concur in part and concur in the judgment.

_____

Jeffrey S. Grim, pro se.

Freeman, Mathis, & Gary, L.L.P., Paul-Michael La Fayette, Ashley Hetzel, and Zachary T. Weigel, for respondent.

_____