**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Anderson v. Wilson*, Slip Opinion No. 2025-Ohio-493.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-493

THE STATE EX REL. ANDERSON *v*. WILSON ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Anderson v. Wilson*, Slip Opinion No. 2025-Ohio-493.]**

*Mandamus—Public-records requests—R.C. 149.43—Relator failed to prove that any business days elapsed between date when he filed his mandamus action and date when respondents provided him with copies of the requested records—Request for writ denied as moot and statutory damages denied.*

(No. 2024-0455—Submitted January 7, 2025—Decided February 19, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Relator, Brian L. Anderson, an inmate at the Noble Correctional Institution, filed this action seeking a writ of mandamus against respondents, Jessica Wilson, an administrative assistant to the warden, and Evelyn Obeng, an inspector of institutional services, ordering them to produce records in response to his public-records requests. He also asks the court to award him statutory damages and to conduct an in camera inspection of the records.

**{¶ 2}** Because respondents have provided the requested records, we deny as moot Anderson's request for a writ. And for the reasons explained below, we also deny his requests for an award of statutory damages and an in camera inspection.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Anderson's Public-Records Requests and Prior Mandamus Action

**{¶ 3}** In August 2023, Anderson sent an electronic kite to Obeng requesting copies of 20 grievances.[1] Obeng responded that she would need the reference numbers for the grievances that he was requesting.

**{¶ 4}** Later that month, Anderson sent an electronic kite to Obeng and asked whether it was possible for Anderson to print the requested grievances "from jpay and gtl." Obeng replied that a print option would be available in a few weeks and that in the meantime, Anderson could obtain copies by sending her "the reference number stating [that he] need[s] a copy of an ICR."

**{¶ 5}** In September 2023, Anderson sent an electronic kite to Wilson and requested copies of 24 grievances. Wilson responded that she does not have access to the grievances and advised Anderson to "request those from [Obeng]." About two weeks later, Anderson sent via electronic kite a list of 28 grievance numbers to Obeng and asked for copies of those grievances. Obeng replied, "No problem."

---

1. "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

{¶ 6} In October 2023, Anderson sent another kite to Obeng. The kite states, "Once you have the 40 grievances I requested printed off please let me know." Obeng responded, "You are not the only [inmate] that requested over 10 copies. I [am] going by how I received them. Once I print them off, you will receive a notification. I do not have an estimate[d] timeline but you will be notified." The day after Anderson sent his first October 2023 request, he sent a request to Obeng for a copy of an additional grievance.

{¶ 7} In November 2023, Anderson, alleging that Obeng had not provided him with copies of the requested records, filed a complaint against Obeng in this court, seeking a writ of mandamus ordering Obeng to provide him with copies of the grievances he had requested. In February 2024, this court granted Obeng's motion to dismiss Anderson's mandamus action. *State ex rel. Anderson v. Obeng*, 2024-Ohio-597.

## B. Present Mandamus Action

{¶ 8} Anderson filed this mandamus action in April 2024, alleging that he still had not received copies of the requested grievances. After Anderson filed the complaint, Obeng hand-delivered the requested records to Anderson. Respondents filed a motion to dismiss, which we denied. 2024-Ohio-2781. We granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs. *Id.*

{¶ 9} Anderson admits that he has received all the records he requested and that his writ claim is moot. He requests an award of statutory damages, alleging that respondents failed to produce copies of the requested records within a reasonable time. Anderson's brief additionally reiterates his request for an in camera inspection of the requested records "to see what the institution does not want anyone to see."

## II. ANALYSIS

### A. Respondents Waived Res Judicata Defense

{¶ 10} Because Anderson seeks the same records that he sought in his previously dismissed mandamus action, respondents contend that this action is barred by res judicata. We reject this argument because respondents failed to plead res judicata as an affirmative defense in their answer and have therefore waived the defense. *See State ex rel. Deiter v. McGuire*, 2008-Ohio-4536, ¶ 28 (affirmative defense of res judicata is waived if it is not raised in a responsive pleading), citing *Jim's Steak House, Inc. v. Cleveland*, 1998-Ohio-440, ¶ 13-14.

### B. Request for Award of Statutory Damages

{¶ 11} Anderson admits that after he filed this mandamus action, respondents provided him with copies of the requested records; thus, his mandamus claim is moot, *see State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14 (the respondent's providing the requested records to the relator after the relator filed the mandamus action renders the mandamus claim moot). However, Anderson's request for an award of statutory damages regarding respondents' alleged failure to provide copies of the records within a reasonable time is not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

{¶ 12} R.C. 149.43(C)(2) entitles a public-records requester to an award of statutory damages if the requester proves by clear and convincing evidence that (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to "the public office or person responsible for the requested public records," (3) he fairly described the records sought, and (4) "the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B). *See State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6. R.C. 149.43(C)(2) fixes statutory damages at $100 "for each business day during which the public office or person responsible for the

requested public records failed to comply with" R.C. 149.43(B), "beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of" $1,000. *See State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15.

**{¶ 13}** R.C. 149.43(B)(1) states that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." Here, Anderson asserts that respondents failed to comply with the R.C. 149.43(B)(1) obligation to provide copies of the requested records within a reasonable time. He claims that he has been trying to obtain copies of the requested records since August 2023. Respondents argue, however, that Anderson is not entitled to statutory damages, because he received the requested records on the same day that he filed this mandamus action. We agree with respondents because the record does not contain clear and convincing evidence to establish that any business days elapsed between the date that Anderson filed his mandamus complaint and the date that respondents provided him with copies of the requested records.

**{¶ 14}** Under R.C. 149.43(C)(2), statutory damages begin to accrue "the day on which the requester files a mandamus action to recover statutory damages." In one part of his merit brief, Anderson seems to agree that on April 1, 2024, the date that the complaint in this case was filed, Obeng provided him with copies of the requested records, but elsewhere in his merit brief, Anderson seems to indicate that Obeng provided the copies on April 24, 2024, which he says was an unreasonable amount of time to take to provide the records. Neither respondents nor Anderson submitted any evidence to establish the date on which Obeng gave Anderson copies of the requested records.

**{¶ 15}** As noted above, Anderson bears the burden of proving his entitlement to statutory damages by clear and convincing evidence, *Grim*, 2024-

Ohio-4822, at ¶ 6. In the absence of evidence that any business days elapsed between the date that Anderson filed his mandamus action and the date that respondents provided him with copies of the requested records, Anderson is not entitled to a statutory-damages award. We therefore deny Anderson's request for an award of statutory damages.

### C. Request for In Camera Inspection

{¶ 16} Anderson also requests that we conduct an in camera inspection of the records he requested. This court may conduct an in camera inspection of alleged public records to determine whether the records are, in fact, public records subject to disclosure, *see State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 7, or to consider whether the records were properly redacted, *see State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 22. Here, however, Anderson does not ask us to make either determination. Respondents have produced the requested records and have not disputed that the records are public records. Anderson simply asks for an in camera inspection so that we can "see what the institution does not want anyone to see." Because that is not an appropriate basis for an in camera inspection of alleged public records, we deny Anderson's request.

### III. CONCLUSION

{¶ 17} For the foregoing reasons, we deny as moot Anderson's request for a writ of mandamus. We also deny his requests for an award of statutory damages and an in camera inspection.

Writ denied as moot.

————————————

Brian L. Anderson, pro se.

Dave Yost, Attorney General, and Matthew Convery and D. Chadd McKitrick, Assistant Attorneys General, for respondents.

————————————