[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Washington Court House*, Slip Opinion No. 2026-Ohio-110.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-110

[THE STATE EX REL.] HENDERSON *v.* THE CITY OF WASHINGTON COURT HOUSE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Washington Court House*, Slip Opinion No. 2026-Ohio-110.]

*Mandamus—Public-records requests—R.C. 149.43—Respondent has provided all records that relator requested except for one that does not exist but failed to provide them in a reasonable time—Relator's public-records requests constitute a single request because they concern the same subject matter and were sent to the same person on the same day—Writ denied as moot and relator awarded $1,000 in statutory damages.*

(No. 2024-1585—Submitted June 24, 2025—Decided January 20, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

{¶ 1} Relator, Cody Ryan Henderson, made 60 requests for public records by sending 77 emails to Mark Pitstick, the city attorney for respondent, the City of Washington Court House, between 7:40 p.m. and 9:55 p.m. on November 3, 2024. Nine days later, Henderson filed a petition in this court for a writ of mandamus ordering the city to produce the requested records and an award of statutory damages.

{¶ 2} After we granted an alternative writ, the city responded to Henderson's emails, providing 59 records and explaining that the remaining record did not exist. Henderson concedes that the city has responded to his public-records requests and that his claim for a writ of mandamus is therefore moot, but he insists that we should award him $60,000 in statutory damages, $1,000 for each records request, or at least $59,000 for the records that existed. We deny the writ as moot but award Henderson $1,000 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Pitstick's duties as city attorney include prosecuting traffic and misdemeanor offenses before the Washington Court House Municipal Court on behalf of the city. As of November 3, 2024, Henderson was a criminal defendant in a case in the municipal court. That evening, Henderson sent a series of 77 emails, starting at 7:40 p.m. and continuing every few minutes until 9:55 p.m. He titled each email "Public Record Request" followed by a number. But 17 of these emails clarified some error in an earlier email. As a result, his emails represent 60 requests for public records. Each email requested a single document from one of 27 separate cases filed in the municipal court, including complaints, journal entries, notices of

appearance, and warrants. None of the emails requested documents filed in Henderson's criminal case.

{¶ 4} Pitstick interpreted these emails as constituting a demand for discovery in Henderson's criminal case under R.C. 149.43(G) and not as public-records requests under R.C. 149.43(B). He did not respond to any of the emails by November 12. That day, Henderson filed a petition in this court for a writ of mandamus, demanding the production of the requested records as well as $100 in statutory damages for each of his 60 requests for each day that he did not receive a response. Henderson later filed an amended petition.

{¶ 5} The city filed an answer to the amended petition. It also moved for judgment on the pleadings, relying on R.C. 149.43(G) in asserting that the emails were requests by a defendant in a criminal action for public records related to that action and should therefore be considered a demand for discovery under the Rules of Criminal Procedure. We denied the city's motion and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2025-Ohio-705.

{¶ 6} In light of our decision denying judgment on the pleadings and granting an alternative writ, Pitstick instructed his assistant to work with the municipal-court clerk to provide responses to Henderson's requests. The clerk provided responses to Henderson on March 20, 2025.

{¶ 7} Henderson concedes in his merit brief that this production renders moot his claim for a writ of mandamus. He insists, however, that since his requests went without responses for over four months after he filed his petition, he should receive $1,000 in statutory damages for each of his 60 requests, totaling $60,000. He specifies in his reply brief that we could instead award $59,000 if we find that the city provided a valid exception in response to one of his requests. The city counters that it produced the records in a reasonable time after we denied judgment on the pleadings and granted an alternative writ and that it therefore did not fail to fulfill its obligations under R.C. 149.43(B). Alternatively, if we conclude that the

city failed to fulfill its obligations under R.C. 149.43(B), the city argues that we should not award statutory damages or, at most, cap damages at $1,000 to avoid conferring a windfall on Henderson.

## II. ANALYSIS

{¶ 8} Ohio's Public Records Act, R.C. 149.43, requires a custodian of public records to make those records not subject to an exception available to any person upon request. R.C. 149.43(B)(1). If the records custodian fails in this duty, the requester may petition this court for a writ of mandamus to enforce his or her legal right to the records. *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b). If the records custodian provides the records after the petition is filed, the requester's mandamus claim becomes moot, *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7, but claims for statutory damages, attorney's fees, and court costs might remain, *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

{¶ 9} Statutory damages may be available if the request was transmitted by "electronic submission . . . in a manner that fairly describe[d] the public record" and if the requester proves that the records custodian "failed to comply with an obligation in accordance with division (B)" of R.C. 149.43. R.C. 149.43(C)(2);[1] *see also State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-1611, ¶ 34.

### A. Henderson's claim for a writ of mandamus is moot

{¶ 10} To be entitled to a writ of mandamus, Henderson must prove that he has a clear legal right to the requested records and that the city has a clear legal duty to provide them. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. If the city has withheld requested public records, it must prove that some exception

---

1. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025, and in 2025 Am.Sub.H.B. No. 96 with an effective date of September 30, 2025. This opinion applies the version of R.C. 149.43 enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

to disclosure applies. *See State ex rel. School Choice Ohio, Inc. v. Cincinnati Pub. School Dist.*, 2016-Ohio-5026, ¶ 11. For a writ of mandamus to issue, some records requested must be outstanding. *See State ex rel. Ware v. Vigluicci*, 2024-Ohio-3131, ¶ 10-11. Henderson concedes in his merit brief that the city provided him with all the records he requested except for one but that the city set forth an acceptable reason for why it did not provide that record—namely, that the record does not exist. We therefore deny as moot Henderson's claim for a writ of mandamus, *see Martin* at ¶ 7, and we turn to statutory damages, *see Woods* at ¶ 7.

**B. Henderson is entitled to a statutory-damages award of $1,000**

{¶ 11} To receive a statutory-damages award under R.C. 149.43(C)(2), Henderson must prove that "(1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to comply with its obligations under R.C. 149.43(B)." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶15. Electronic submission is one of the statutorily prescribed methods. R.C. 149.43(C)(2). Henderson must plead and prove a specific violation of R.C. 149.43(B) to receive damages. *See State ex rel. ESPN, Inc. v. Ohio State Univ.*, 2012-Ohio-2690, ¶ 13, 15 (the relator was not entitled to statutory damages, because it did not seek them for the respondent's failure to comply with R.C. 149.43(B)(2) and (3)). He focuses his briefing on the city's failure to respond to his public-records requests with an explanation, including legal authority, setting forth why his requests were ignored or denied until March 20, 2025, *see* R.C. 149.43(B)(3), and on the city's failure to produce the requested records in a reasonable time, *see* R.C. 149.43(B)(1).

*1. The city's good-faith defense does not apply to statutory damages*

{¶ 12} The city does not dispute that Henderson sent his records requests by one of the statutorily prescribed methods or that he is eligible for a statutory-

damages award, though it contends that if statutory damages are awarded, Henderson's emails should be considered one request to avoid conferring a windfall on him. The city also does not dispute that Henderson sent his requests to the appropriate public office or that Henderson fairly described the documents being requested. The city, however, disputes Henderson's contention that it failed to comply with its obligations under R.C. 149.43(B).

{¶ 13} The city asserts that it responded to Henderson's requests in a reasonable time and was therefore not in dereliction of its duty under R.C. 149.43(B)(1). It argues that we should start counting time for reasonableness not from the date on which the public-records requests were made (November 3, 2024), nor from the date on which the mandamus action was filed (November 12, 2024), but from the date on which we denied judgment on the pleadings and granted an alternative writ (March 4, 2025). It implicitly interprets our decision as a rejection of the city's argument that the requested records were subject to the procedural requirements regarding discovery under the Rules of Criminal Procedure and not subject to the Public Records Act. Accordingly, it argues that we should conclude that responding to the requests 16 days after our decision, rather than 128 days after the mandamus action was filed or 137 days after the requests were made, was reasonable because the city had a good-faith reason for not responding earlier to the requests.

{¶ 14} A statutory-damages award under the Public Records Act, however, is "not contingent on the good or bad faith of the public-records custodian." *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶18. Rather, R.C. 149.43(B)(1) "measures reasonableness of the response time by reference to the date of the request." *State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 33. That the city thought that it was justified in not responding to Henderson's requests does not change the reality that it was required to provide the requested documents in a reasonable time to fulfill

its duty under R.C. 149.43(B)(1) or provide him with an explanation for denying the requests to fulfill its duty under R.C. 149.43(B)(3).

    *2. The city failed to provide the requested records in a reasonable time*

**{¶ 15}** The city had a duty to provide the records that Henderson requested in a reasonable time after he sent his requests. R.C. 149.43(B)(1). If the city was correct that it could deny all the requests, the timeliness of its responses would not have mattered. *See State ex rel. Myers v. Meyers*, 2022-Ohio-1915, ¶ 72-73 (determining that because R.C. 143.43(B)(3) does not contain a timeliness requirement, the public office's delay in providing the requester with an explanation for the denial of records requests did not by itself entitle requester to a statutory-damages award); *State ex rel. Fluty v. Raiff*, 2023-Ohio-3285, ¶ 41 (citing *Myers* in denying a statutory-damages award based on the requester's claim that the public office took too long to inform her of its denial of records requests). But the city has since provided the requested records. And although Henderson concedes that one of his requests was correctly denied because the requested record does not exist, this concession would be relevant only if Henderson could receive statutory damages for each separate request, rather than, as discussed below, for the city's single violation of the Public Records Act. *See Akron* at ¶ 22.

**{¶ 16}** We look to "'all of the pertinent facts and circumstances'" to determine whether the time a records custodian takes to produce public records is reasonable. *State ex rel. Mobley v. Powers*, 2024-Ohio-3315, ¶9, quoting *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶10. The lack of a response for over two months is enough to constitute a failure to respond in a reasonable time, though extensive redaction can extend the reasonableness window. *See id.* at ¶ 9-11. But when a request is "narrow and specific," *id.* at ¶ 10, an almost three-month delay is unreasonable and violates the public office's statutory obligations under R.C. 149.43(B)(1), *id.* at ¶11.

{¶ 17} Here, on March 4, 2025, Pitstick instructed his assistant to work with the municipal-court clerk to provide responses to Henderson's records requests. Once the assistant and clerk started working to produce the records, it took only 16 days for the requested records to be produced to Henderson. Henderson requested a single document in each of his emails, and the requested documents required few redactions. Waiting over four months until we denied judgment on the pleadings and granted an alternative writ to start processing Henderson's narrow and specific requests was unreasonable. Henderson has therefore shown that he is entitled to a statutory-damages award for the city's violation of its obligations under R.C. 149.43(B)(1).

### 3. Henderson is entitled to a single statutory-damages award

{¶ 18} The amount of statutory damages available to compensate for the "lost use of the requested information" for each violation of the Public Records Act is $100 for each business day during which the public office failed to comply with R.C. 149.43(B), beginning on the day the requester filed the mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2). Since the city did not provide the records for more than ten business days after Henderson filed his mandamus action, he is entitled to the maximum amount of damages.

{¶ 19} Henderson argues, however, that each one of his 60 records requests is a separate transmission requesting a separate, unrelated document. But "[w]hen a requester has sent multiple requests to the same office on the same day concerning the 'same general subject matter,' the requester is entitled to only a single statutory-damages award, not an award for each record requested." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶10, quoting *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶31.

{¶ 20} Henderson sent all 60 records requests on the same day to the same person, and each dealt with a docket item in a case brought before the municipal court. All the requests therefore count as a single records request for purposes of

awarding statutory damages, and Henderson is entitled to the maximum award of $1,000 in statutory damages under R.C. 149.43(C)(2).

### 4. Reducing the statutory-damages award is not appropriate

{¶ 21} The city asserts that we should reduce any statutory-damages award to $0. We may do so if "based on the law as it existed at the time of the request, a well-informed person responsible for the public records reasonably would have believed that (1) R.C. 149.43(B) did not require their disclosure and (2) withholding the records would serve the public policy that underlies the authority asserted for withholding the records." *State ex rel. Ware v. O'Malley*, 2024-Ohio-5242, ¶20, citing R.C. 149.43(C)(2).

{¶ 22} The city claims that it reasonably determined that because Pitstick was prosecuting Henderson when Henderson submitted his public-records requests, Henderson's requests were for public records related to his criminal case and therefore were correctly considered a demand for discovery under R.C. 149.43(G). As a result, it asserts that its decision to neither produce the requested records nor respond to the requests was reasonable and served the public policy of effectuating criminal-discovery issues within the criminal case.

{¶ 23} The city is wrong. The city has not shown that Henderson's public-records requests for documents from unrelated cases are subject to R.C. 149.43(G). That provision specifies that it applies only to "public records *related to that action*." (Emphasis added.) The documents that Henderson requested are "related to" his criminal case only in the broadest sense of that phrase: they were filed in the same court in then-recent criminal cases involving other defendants. The city has not demonstrated that the documents are in any meaningful way related to Henderson's criminal case.

{¶ 24} Crim.R. 16(H) considers a public-records request made by a criminal defendant to "an agency involved in the prosecution or investigation of [a criminal] case" to be a demand for discovery in that case, which creates a reciprocal

9

duty of disclosure of discovery on the defendant to the prosecuting attorney. But the city has not demonstrated, based on Crim.R. 16(H), that *any* public-records request from someone who is being prosecuted qualifies under R.C. 149.43(G) as a request that is "related to" that person's criminal case.

{¶ 25} Even if the city had shown under R.C. 149.43(C)(2)(a) that it was reasonable for it to conclude that Henderson's records requests were subject to R.C. 149.43(G), it would still have to demonstrate under R.C. 149.43(C)(2)(b) why withholding the records "serve[d] the public policy that underlies" the authority it asserted for withholding the records. It has not done so. Instead, it asserts in its merit brief that its conduct served the public policy of "effectuating criminal-discovery issues within the criminal case." But the Public Records Act and the applicable Criminal Rules encourage disclosure of records or discovery, absent some specific exception. The city has therefore not proved under R.C. 149.43(C)(2)(b) that reduction of statutory damages is warranted.

{¶ 26} As a result, the city has not shown that this case meets the requirements of R.C. 149.43(C)(2)(a) and (b), which are prerequisites for this court to reduce statutory damages. We therefore award Henderson $1,000 in statutory damages.

### III. CONCLUSION

{¶ 27} Henderson has received all the records he is entitled to receive. His claim for a writ of mandamus is therefore moot. But the city unreasonably delayed responding to his public-records requests, so Henderson has proved that he is entitled to a statutory-damages award. Because he sent his requests concerning the same subject matter to the same person on the same day, we deem the requests to constitute a single request. We therefore award Henderson $1,000 in statutory damages.

Writ denied as moot.

———————————

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 28} I agree with the majority that relator Cody Ryan Henderson's claim for a writ of mandamus is moot because respondent, the City of Washington Court House, in March 2025, responded to his 60 public-records requests for various documents from 27 separate cases filed in the Washington Court House Municipal Court. I also agree that Henderson is entitled to a statutory-damages award for the city's violation of its obligations under R.C. 149.43(B)(1).[2] I part ways with the majority, however, in calculating the amount of the award. R.C. 149.43(C)(2) provides for an award of $100 for each business day during which the city failed to comply with R.C. 149.43(B)(1), beginning on November 12, 2024, the date Henderson commenced this action, up to a maximum of $1,000 for each public-records request that he transmitted. For these reasons, I concur in part and dissent in part from the court's judgment and would award Henderson statutory damages in the amount of $60,000.

{¶ 29} This court yet again applies a judicially created test that is unmoored from the text of the Public Records Act, R.C. 149.43. In *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, this court adopted a "24-hour rule," *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 25 (Kennedy, C.J., concurring in part and concurring in the judgment). In *Parikh*, a public-records custodian erroneously denied access to public records in response to eight public-records requests. *Parikh* at ¶ 19. In calculating the amount of statutory damages, this court created a new rule out of thin air: it "construe[d]" the eight requests as a single records request because the eight requests "were sent on the same day, were submitted to the same office, and concerned the same general subject matter," *id.* at ¶ 31.

---

2. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

**{¶ 30}** Before *Parikh*, this court had neither created nor applied such a rule. *See id.* at ¶ 49 (Kennedy, C.J., concurring in part and concurring in judgment only in part) (explaining that these "same day," "same office," and the "same general subject matter" qualifiers had "never existed in our caselaw" before). Indeed, before *Parikh*, "[w]hen confronted with a case involving multiple public-records requests made by the same requester, this court ha[d] found the *transmission of the requests* controlling of our R.C. 149.43(C)(2) analysis" and "our caselaw ha[d] matched the statute" (emphasis in original), *id.* at ¶ 40 (Kennedy, C.J., concurring in part and concurring in judgment only in part).

**{¶ 31}** A review of the Public Records Act readily reveals that the "same-day" rule has no basis in the statutory text. R.C. 149.43(C)(2) provides:

> If a requester *transmits* a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requester shall be entitled to recover the amount of statutory damages set forth in [R.C. 149.43(C)] if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)].

(Emphasis added.)

**{¶ 32}** The statutory text focuses on when the requester "transmits [the] written request[s]." *Id.* But the majority adds gloss to the word "transmission" by examining whether Henderson sent his requests "'to the same office on the same day concerning the "same general subject matter,"'" majority opinion, ¶ 19, quoting

12

*Grim*, 2024-Ohio-4822, at ¶10, quoting *Parikh*, 2023-Ohio-2536, at ¶31. "But none of those requirements—the 'same office,' the 'same day,' or the 'same general subject matter'—can be found in R.C. 149.43." *Grim* at ¶ 23 (Kennedy, C.J., concurring in part and concurring in the judgment). Those phrases are conspicuously absent from R.C. 149.43.

{¶ 33} What matters for calculating statutory damages under the Public Records Act is "whether the public-records requests were made in the same transmission, i.e., in the same envelope or email." *Parikh* at ¶ 51 (Kennedy, C.J., concurring in part and concurring in judgment only in part). The statute manifestly supports this, stating: "If a requester *transmits* a written request by . . . electronic submission" and the records custodian "fail[s] to comply with an obligation in accordance with [R.C. 149.43(B)]" (emphasis added), the requester is entitled to statutory damages, R.C. 149.43(C)(2).

{¶ 34} The majority reveals the reason behind applying its made-up, extratextual test in its adoption of the city's argument that "Henderson's emails should be considered one request to avoid conferring a windfall on him," majority opinion at ¶ 12; *see also id.* at ¶ 20. This financial concern is important, but it is not for this court to address. "[T]he General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws." *Kish v. Akron*, 2006-Ohio-1244, ¶ 44. And the government body that holds the public record should take note of the General Assembly's mandates and heed those mandates. Nothing in the Public Records Act permitted the city to ignore Henderson's requests for public records for over four months.

{¶ 35} Applying the statute as written makes this an easy case. On November 3, 2024, Henderson transmitted 60 separate public-records requests by email to Mark Pitstick, the city attorney for the City of Washington Court House. Because he "transmit[ted] [those] written request[s] by" 60 different "electronic submission[s]," R.C. 149.43(C)(2), they constitute 60 separate transmissions. He

filed a petition for a writ of mandamus against the city on November 12, 2024. Months later, on March 20, 2025, the city finally responded to Henderson's requests by providing 59 records and explaining that the 60th record did not exist. By failing to respond to Henderson's public-records requests within a reasonable time, the city failed to comply with its obligations under R.C. 149.43(B)(1), and because the city provided its responses more than ten business days after Henderson filed his mandamus action, Henderson is entitled to the full statutory amount for each of his 60 public-records requests, totaling $60,000.

{¶ 36} Because the majority determines otherwise, I concur in part and dissent in part.

_____

Cody Ryan Henderson, pro se.

Frost Brown Todd, L.L.C., Frank J. Reed Jr., Thaddeus M. Boggs, and Anthony R. Severyn; and Mark J. Pitstick, Washington Court House City Attorney, for respondent.

_____