**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Vigluicci*, Slip Opinion No. 2024-Ohio-5492.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5492

[THE STATE EX REL.] WARE *v*. VIGLUICCI, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Vigluicci*, Slip Opinion No. 2024-Ohio-5492.]**

*Vexatious litigators—Attorney fees assessed as a sanction for frivolous conduct under S.Ct.Prac.R. 4.03(A) and Civ.R. 11.*

(No. 2023-1354—Submitted November 13, 2024—Decided November 26, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. KENNEDY, C.J., and BRUNNER, J., concurred in part and dissented in part and would not have declared relator to be a vexatious litigator.

**Per Curiam.**

{¶ 1} Relator, Kimani Ware, sought a writ of mandamus ordering the production of records responsive to two public-records requests he claimed to have sent to respondent, Portage County Prosecuting Attorney Victor V. Vigluicci in June and July 2022. Ware also sought an award of statutory damages and court costs. In *State ex rel. Ware v. Vigluicci*, 2024-Ohio-3131, we unanimously denied the writ as moot and deferred ruling on the motions for statutory damages, court costs, and sanctions pending the prosecutor's submission of the original documents that his office had received by certified mail from Ware. *Id.* at ¶ 22. We ordered the prosecutor to submit those documents for our in camera review so that we could determine whether Ware had in fact handwritten his public-records requests on the backs of the documents, as Ware had claimed. *Id.* at ¶ 18-19, 22.

{¶ 2} Pursuant to our order, the prosecutor submitted the original documents under seal for in camera inspection. Our review of the documents revealed that Ware did not submit a handwritten public-records request on the back of either document he sent to the prosecutor by certified mail. Accordingly, we denied Ware's request for statutory damages and court costs, sanctioned Ware for frivolous conduct under S.Ct.Prac.R. 4.03(A), and declared Ware a vexatious litigator under S.Ct.Prac.R. 4.03(B). 2024-Ohio-4997. We ordered the prosecutor to submit a detailed bill of his reasonable expenses and attorney fees incurred in this action. *Id*.

{¶ 3} The prosecutor timely submitted his itemized summary of reasonable attorney fees. In addition to the double-costs assessment previously ordered, we order Ware to pay $1,020 to the prosecutor as a sanction for frivolous conduct. Below we explain further why we have sanctioned Ware and declared him a vexatious litigator.

2

**SANCTIONS FOR FRIVOLOUS CONDUCT**

**{¶ 4}** Our in camera review of the original documents definitively established that Ware lied about public-records requests being written on the backs of the documents he sent to the prosecutor. Ware's perpetrating a fraud on this court is a basis "to impose sanctions and take appropriate measures to protect the integrity of our judicial proceedings," *State ex rel. Ware v. Booth*, 2024-Ohio-2102, at ¶ 9.

**{¶ 5}** S.Ct.Prac.R. 4.03(A) states:

> If the Supreme Court . . . determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action . . . . The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Supreme Court considers just. An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

**{¶ 6}** Ware's action in this case was frivolous under S.Ct.Prac.R. 4.03(A) because it was "not reasonably well-grounded in fact." Indeed, the action was premised on a fraud: Ware sought a writ of mandamus, statutory damages, and court costs based on public-records requests that he had never made.

**{¶ 7}** Sanctions under Civ.R. 11 are also appropriate. While S.Ct.Prac.R. 4.03(A) applies to "an appeal or other action" instituted in this court, Civ.R. 11 applies to individual filings made in this court. *See State ex rel. Mobley v. Chambers-Smith*, 2024-Ohio-1910, ¶ 5 (DeWine, J., concurring). Civ.R. 11 employs a subjective bad-faith standard: sanctions must be predicated on a willful

violation. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 8. The subjective bad-faith standard is met here. In addition to filing an action that had no basis in fact, Ware doubled down on his fraud when the prosecutor called attention to Ware's frivolous conduct. When confronted with the prosecutor's evidence that the certified mailings his office received contained no public-records requests, Ware falsely swore that his handwritten requests were on the backs of the documents that the prosecutor submitted as evidence.

**{¶ 8}** As a sanction for Ware's frivolous conduct, we have assessed double costs of this action against Ware. 2024-Ohio-4997. We also order Ware to pay $1,020 to the prosecutor for his reasonable attorney fees under S.Ct.Prac.R. 4.03(A) and Civ.R. 11. This amount is reasonable and in line with other cases in which we have awarded sanctions to parties represented by a county prosecutor's office. *See State ex rel. Huber Hts. Veterans Club, Inc. v. Driscoll*, 2023-Ohio-3697 (awarding the prosecutor's office $969.50 in attorney fees as a sanction after prosecutor's submission of itemized statement of fees); *State ex rel. Howard v. Doneghy*, 2004-Ohio-4524 (awarding the prosecutor's office $816 in attorney fees and reasonable expenses after prosecutor's submission of documentation).

## VEXATIOUS LITIGATOR

**{¶ 9}** We previously granted the prosecutor's request to declare Ware a vexatious litigator under S.Ct.Prac.R. 4.03(B). 2024-Ohio-4997. The rule provides:

> If a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Supreme Court may, sua sponte or on motion by a party, find the party to be a vexatious litigator. If the Supreme Court determines that a party is a vexatious litigator under division (A) of this rule, the court may impose filing restrictions on the party. The

restrictions may include prohibiting the party from continuing or instituting legal proceedings in the Supreme Court without first obtaining leave, prohibiting the filing of actions in the Supreme Court without the filing fee or security for costs required by S.Ct.Prac.R. 3.04 and 3.05, or any other restriction the Supreme Court considers just.

S.Ct.Prac.R. 4.03(B).

{¶ 10} We may declare a party to be a vexatious litigator if he has "habitually, persistently, and without reasonable cause" engaged in frivolous conduct. S.Ct.Prac.R. 4.03(B). Habitual and persistent frivolous conduct may occur in a single case before the court. This understanding of S.Ct.Prac.R. 4.03(B) is consistent with the vexatious-litigator statute applicable to conduct in Ohio's courts of appeals and trial courts. *See* R.C. 2323.52(A)(3) (defining "vexatious litigator" to include any person "who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in *a civil action or actions*" [emphasis added]); *see also Farley v. Farley*, 2003-Ohio-3185, ¶ 48 (10th Dist.) (noting that under R.C. 2323.52(A)(3), "the finding that a person is a vexatious litigator can be based upon his or her behavior in a single civil action or multiple civil actions").

{¶ 11} In this case alone, Ware has engaged in habitual and persistent frivolous conduct. First, Ware filed a complaint alleging falsely that he had sent public-records requests by certified mail. Second, Ware fabricated evidence that he attached to the complaint, including the letters that were the purported public-records requests, which this court now knows were never sent. Third, Ware continued to perpetrate a fraud on this court in the evidence he filed in this case. After the court issued an alternative writ, Ware submitted the same fraudulent documents as evidence and swore an affidavit stating that he sent public-records

requests to the prosecutor by certified mail, a statement the court now knows to be untrue. Fourth, in response to the prosecutor's contention that Ware had sent his office only random documents, Ware presented a new lie, stating that his public-records requests were handwritten on the backs of the documents that the prosecutor acknowledged receiving. Fifth, Ware then took the lie a step further, accusing the assistant prosecuting attorney of deceiving the court by submitting as evidence copies of only one side of the documents in question. And finally, Ware filed a merit brief in this case that continued to assert a false claim and attached to his brief the same false evidence (i.e., the fraudulent public-records requests).

{¶ 12} Based on Ware's conduct in this case alone, we declare him a vexatious litigator under S.Ct.Prac.R. 4.03(B) and impose filing restrictions on him. As noted in our previous order, Ware is prohibited from continuing or instituting legal proceedings in this court without first obtaining leave. 2024-Ohio-4997. If Ware is granted leave to continue or institute legal proceedings in this court, he is nevertheless prohibited from doing so until he has paid (1) the filing fee or security for costs required by S.Ct.Prac.R. 3.04 and 3.05, (2) the $1,020 sanctions awarded to the prosecutor for his attorney fees associated with this action, and (3) the double-costs assessment previously ordered. 2024-Ohio-4997.

## CONCLUSION

{¶ 13} In sum, in addition to the double costs of this action previously assessed against Ware, we order Ware to pay $1,020 to the prosecutor as a sanction for frivolous conduct under S.Ct.Prac.R. 4.03(A) and Civ.R. 11. As we have declared Ware a vexatious litigator, we prohibit Ware from instituting or continuing legal proceedings in this court unless he first seeks and obtains this court's leave. 2024-Ohio-4997. If Ware is granted leave to institute or continue legal proceedings, he is prohibited from doing so until he has paid (1) the filing fee or security for costs required by S.Ct.Prac.R. 3.04 and 3.05, (2) the $1,020 sanctions

awarded to the prosecutor for his attorney fees associated with this action, and (3) the double-costs assessment previously ordered in this action.

So ordered.

————————————

Kimani E. Ware, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Chrisopher J. Meduri, Assistant Prosecuting Attorney, for respondent.

————————————