**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Sheldon*, Slip Opinion No. 2025-Ohio-1768.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1768

THE STATE EX REL. WARE *v*. SHELDON, SHERIFF.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Sheldon*, Slip Opinion No. 2025-Ohio-1768.]**

*Mandamus—Relator failed to prove by clear and convincing evidence that county sheriff failed to timely produce requested inmate-grievance policy, use-of-force policy, or use-of-force reports—Writ and relator's requests for statutory damages and court costs denied.*

(No. 2023-1636—Submitted January 7, 2025—Decided May 20, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

{¶ 1} In this original action, relator, Kimani E. Ware, an inmate at the Richland Correctional Institution, seeks (1) a writ of mandamus ordering respondent, Richland County Sheriff Steve Sheldon, to provide him with public records he requested, (2) statutory damages, and (3) court costs. For the reasons explained below, we deny Ware's claim for a writ of mandamus and his requests for statutory damages and court costs.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Public-Records Request and Response

{¶ 2} In October 2022, Ware sent a public-records request to the Richland County Sheriff's Office by certified mail. Ware requested the following:

1. a copy of the Booking Report of Alexander Jose Rios.

2. a copy of the use of focus Report [sic] filed by Sgt. Jamaal O'Dell on September 19, 2019, that involved Alexander Jose Rios.

3. a copy of the use of force Report filed [by] Guard Cooper on September 19, 2019.

4. a copy of the Richland Co. Jail Inmate Grievance policy.

5. Richland Co. Sheriff department use of force Policy.

(Underlining in original.)

{¶ 3} In November 2022, the sheriff, through counsel, responded to Ware's public-records request. However, the parties have submitted conflicting evidence as to the contents and completeness of the sheriff's response. The sheriff's evidence includes a dated two-page letter from the sheriff's counsel addressing all five items listed in Ware's public-records request. The letter submitted by the sheriff indicates that his counsel had enclosed records responsive to all five items listed in Ware's request. But Ware submitted an undated one-page version of the

letter that addresses only the first three items; the fourth and fifth items are not mentioned in Ware's version.

**{¶ 4}** According to Ware, on November 30, 2022, he sent the sheriff's office a follow-up letter asking for copies of the fourth and fifth items listed in his public-records request, which he claimed had not been produced.

### B. The Mandamus Action

**{¶ 5}** Ware filed his complaint in this case in December 2023, and the sheriff filed a motion to dismiss. In April 2024, we denied the sheriff's motion, ordered the sheriff to file an answer, and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2024-Ohio-1507. Both parties have filed evidence, but only Ware timely filed a merit brief.

**{¶ 6}** In June 2024, Ware and the sheriff each filed a motion for leave to file additional evidence. The sheriff's motion also seeks leave to submit his merit brief, which he failed to file on time.

**{¶ 7}** In October 2024, we declared Ware to be a vexatious litigator under S.Ct.Prac.R. 4.03(A) in another case and prohibited him "from continuing or instituting legal proceedings in this court without first obtaining leave." *State ex rel. Ware v. Vigluicci*, 2024-Ohio-4997. However, Ware did not need to request leave to continue this case under S.Ct.Prac.R. 4.03(B), because by the time we declared him to be a vexatious litigator, this case was already pending and all filings had been received.

## II. ANALYSIS

### A. Motions for Leave to File Additional Evidence

**{¶ 8}** We begin with Ware's motion. Rule 12.06(B) of our Rules of Practice states that a relator "may file a motion for leave to file rebuttal evidence within the time permitted for the filing of [the] relator's reply brief." Accordingly, even if the

sheriff had filed a merit brief on June 13, 2024, the day it was due[1]—thus enabling Ware to file a reply brief—the reply brief would have been due June 20, 2024. Ware filed his motion for leave on June 21, 2024. Ware's motion for leave to file additional evidence is therefore denied as untimely.

**{¶ 9}** Turning to the sheriff's motion, he seeks leave to file an additional affidavit and the merit brief that he failed to file on time. Our rules do not permit a respondent to file rebuttal evidence or other additional evidence. *See* Rule 12.06(B) (permitting a *relator* to move for the admission of rebuttal evidence). Nor do our rules allow us to grant leave to file a late brief. *See* Rule 12.07(B)(3) (addressing a respondent's failure to file a merit brief); *see also* Rule 3.03(B)(2)(b) (a motion for an extension of time to file a merit brief must be filed before the deadline for filing the brief). Therefore, we deny the sheriff's motion for leave to file additional evidence.

### B. Ware Is Not Entitled to a Writ of Mandamus

**{¶ 10}** "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

**{¶ 11}** The bases of Ware's complaint are his allegations that the sheriff violated the Public Records Act by (1) failing to provide him with copies of the

---

1. When granting the alternative writ, we ordered the sheriff to file a brief within 20 days after the filing of Ware's brief. 2024-Ohio-1507. Ware filed his brief on May 24th.

Richland County Jail's inmate-grievance policy and the sheriff's-office use-of-force policy and (2) providing him with copies of the incident reports filed on September 19, 2019, instead of the corresponding use-of-force reports that he had requested. Because the sheriff did not timely file a merit brief, we could accept Ware's factual assertions as truthful. *See* Rule 12.07(B)(3) (providing that if a respondent fails to timely file a brief, this court "may accept the relator's statement of facts and issues as correct and grant the writ if the relator's brief reasonably appears to sustain the writ"). However, the rule's use of "may" conveys that imposing that consequence is discretionary.

{¶ 12} Exercising our discretion, we decline to accept Ware's statement of facts and issues as correct. Even though the sheriff did not file a merit brief, he has submitted evidence that contradicts the first of the above two alleged violations on which Ware's complaint is based. As noted above, the sheriff submitted a copy of his counsel's response letter that is different from the version that Ware submitted. Because the two versions of the response letter differ as to whether the sheriff addressed the fourth and fifth items listed in Ware's public-records request, Ware has not proved by clear and convincing evidence that the sheriff failed to do so.

1. *Ware has not shown that the sheriff failed to produce the inmate-grievance and use-of-force policies*

{¶ 13} Although both parties have submitted affidavits attesting that they submitted true copies of the sheriff's letter responding to Ware's public-records request, it is clear when comparing the two versions that Ware's version has been altered. The two-page version of the letter that the sheriff submitted is dated at the top and addresses all five of the items listed in Ware's public-records request. In contrast, the one-page version that Ware submitted does not address the fourth and fifth items.

{¶ 14} Comparing the two versions of the letter, it appears more likely than not that Ware altered the letter by removing the date and the text addressing the

fourth and fifth items listed in his public-records request. The concluding paragraph of the response letter appears on the second page of the version submitted by the sheriff. On Ware's version, the concluding paragraph appears at the bottom of the first page and is indented an eighth of an inch from the left margin of the letter. Given this discrepancy, it is more likely than not that Ware altered the letter to create the appearance that the sheriff had not fully responded to his public-records request. Ware has previously engaged in similar acts of fraud, which in one case led us to declare him to be a vexatious litigator, as noted above. *See State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492, ¶ 11 (describing Ware's conduct that led the court to declare him a vexatious litigator in *Ware*, 2024-Ohio-4997); *see also State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 20-21 (lead opinion).

*2. Ware has not shown by clear and convincing evidence that the sheriff failed to produce the use-of-force reports*

{¶ 15} There is no evidence explicitly indicating that the sheriff's counsel failed to enclose copies of the September 19, 2019 use-of-force reports with his letter responding to Ware's public-records request other than Ware's affidavit in support of his writ petition, the affidavit he included in his evidence, and the follow-up letter that he allegedly sent to the sheriff's office on November 30, 2022. As noted above, Ware more likely than not submitted fraudulent evidence in this case. In both of his affidavits, Ware swore that he was providing a true and accurate copy of the response letter. Given that the affidavits likely contain false statements, the other statements in the affidavits cannot be trusted. Similarly, as for the follow-up letter, it is doubtful that Ware sent it to the sheriff's office or that its contents are true. Accordingly, Ware has not proved by clear and convincing evidence that the sheriff failed to provide the requested use-of-force reports within a reasonable period of time.

**{¶ 16}** In conclusion, Ware is not entitled to a writ of mandamus, because he has not proved by clear and convincing evidence either of the violations of the Public Records Act that he alleged.

### C. Ware Is Not Entitled to Statutory Damages or Court Costs

**{¶ 17}** Under the version of R.C. 149.43(C)(2) effective when Ware made his public-records request, 2022 Sub.H.B. No. 99, and the version effective when he filed his mandamus complaint, 2023 Am.Sub.H.B. No. 33, a requester is entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request "to the public office or person responsible for the requested public records," (3) he fairly described the records sought, and (4) "the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B).[2] As explained above, Ware has not shown that the sheriff failed to comply with an obligation under R.C. 149.43(B). Therefore, Ware is not entitled to statutory damages.

**{¶ 18}** As for Ware's request for court costs, a court shall determine and award court costs if the court (1) "orders the public office or the person responsible for the public record to comply with" R.C. 149.43(B) or (2) determines that the public office or person responsible for public records acted in bad faith by failing to make the public records available to the relator before the mandamus action was filed. Former R.C. 149.43(C)(3)(a) and (b)(iii) (now R.C. 149.43(C)(4)(a) and (b)(iii)). Ware requests court costs on the basis that we should order the sheriff to comply with R.C. 149.43(B). However, no such order is necessary, because Ware has not proved that the sheriff failed to comply with R.C. 149.43(B). Therefore, Ware is not entitled to court costs.

---

2. In 2024 H.B. No. 265, R.C. 149.43 was amended such that as of April 9, 2025, a person committed to the custody of the Department of Rehabilitation and Correction is no longer eligible to receive an award of statutory damages under R.C. 149.43(C).

## III. CONCLUSION

**{¶ 19}** For the foregoing reasons, we deny Ware's claim for a writ of mandamus and his requests for statutory damages and court costs. We also deny Ware's and the sheriff's motions for leave to file additional evidence.

Writ denied.

————————————

Kimani E. Ware, pro se.

Fishel Downey Albrecht & Riepenhoff, L.L.P., Benjamin D. Humphrey, and David C. Moser, for respondent.

————————————