**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Howard v. Plank*, Slip Opinion No. 2025-Ohio-2325.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2325

THE STATE EX REL. HOWARD *v*. PLANK ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Howard v. Plank*, Slip Opinion No. 2025-Ohio-2325.]**

*Mandamus—Public-records requests—R.C. 149.43—Relator failed to show by clear and convincing evidence that respondents failed to timely produce public records in response to his requests—Writ and relator's request for statutory damages denied.*

(No. 2024-1355—Submitted March 11, 2025—Decided July 8, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

{¶ 1} Relator, Jeffery Howard, filed this original action seeking a writ of mandamus against respondents, Kasey Plank, Jolene Nelson, and David Robinson, employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). He seeks a writ of mandamus ordering respondents to produce records in response to multiple public-records requests and an award of statutory damages.

{¶ 2} We deny the writ and the request for statutory damages.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 3} Howard is an inmate at the Mansfield Correctional Institution ("MCI"). Robinson was previously a warden's assistant at MCI whose duties included managing public-records requests from inmates. In February 2024 Robinson was transferred to another correctional facility. Plank is a warden's assistant at MCI whose duties include responding to inmate public-records requests. Nelson is an employee of ODRC who Howard alleges served as an acting public-records officer at MCI. Howard alleges that he sent four separate public-records requests to respondents by electronic kite on four separate dates.[1] He generally alleges that he has not received complete responses to these requests.

{¶ 4} On September 27, 2024, Howard filed this mandamus action. He requests a writ of mandamus ordering production of the unproduced documents and an award of $4,000 in statutory damages—$1,000 for each request. Plank and Nelson answered the complaint. Robinson did not file an answer.[2] We granted an alternative writ and ordered the submission of evidence and briefs. 2024-Ohio-5572.

---

1. "A kite is a type of written correspondence between and inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

2. Robinson states in an affidavit that he was not properly served. He has not, however, raised insufficiency of service as an affirmative defense in a pleading or motion. *See generally* Civ.R. 12(B)(5); *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 13, 18. Because we deny Howard's requested relief, we need not decide the service issue.

## II. LEGAL ANALYSIS

### A. *Howard's motion for default judgment*

**{¶ 5}** After Plank and Nelson answered, Howard filed a motion for default judgment. Howard does not explicitly state that he filed the motion because Robinson did not answer. "'When appropriate, a default judgment may be entered in a mandamus action.'" *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 2021-Ohio-1205, ¶ 15, quoting *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown*, 1998-Ohio-501, ¶ 7. "The analysis as to whether a default judgment is proper in a mandamus action is essentially the same as an analysis as to whether a peremptory writ of mandamus is appropriate against a respondent who fails to respond to a complaint." *Id.* Here, we have already granted an alternative writ, implicitly denying a peremptory writ, *see* Supreme Court Practice Rule 12.04(C). We deny Howard's motion for default judgment.

### B. *Legal standards for mandamus and statutory damages*

**{¶ 6}** "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).[3] Mandamus is an appropriate remedy to compel compliance with the Public Records Act, R.C. 149.43. *See* R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

**{¶ 7}** Statutory damages are awarded if a requester transmits a written request by hand delivery, electronic submission, or certified mail and the public

---

3. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. In this opinion, all references to R.C. 149.43 refer to the statutory language in effect prior to the April 9, 2025 amendments.

office or person fails to comply with an obligation under R.C. 149.43(B). Howard submitted his public-records requests at issue here by the prison's electronic-kite system, which constitutes electronic submission for the purposes of R.C. 149.43(C)(2), *see Sehlmeyer* at ¶ 21. Statutory damages are set at $100 a day for each business day the public office fails to comply with its obligations, starting with the day the requester files a mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2).

### C. The May 1, 2023 kite

{¶ 8} On May 1, 2023, Howard sent an electronic kite to Robinson requesting copies of eight categories of documents. On May 22, Robinson provided Howard with documents in response to several of the requests and informed him in writing that there were no records responsive to the remaining requests.

{¶ 9} Howard disputes the response for two of the requests: a request for "a copy of the money spent" from a certain fund in January 2023 on "ethnic magazines" and "a copy of the money spent" from the same fund in January 2023 on library supplies. Robinson attests that on May 22, he informed Howard that there were no records responsive to these two requests. Howard does not provide any evidence indicating that records exist that are responsive to these requests. Rather, he cites R.C. 5120.131, the statute that permits the establishment of the fund he is referring to in his requests. "A writ of mandamus will not issue when the uncontroverted evidence shows that the requested documents do not exist." *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7. Here, respondents have submitted evidence indicating that there are no records responsive to these requests, and Howard has not shown otherwise. Howard's mere "belief that there are responsive documents is not sufficient evidence to establish that they exist," *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 14.

{¶ 10} Therefore, we deny the writ of mandamus and statutory damages as to the May 1, 2023 request.

*D. The February 19, 2024 kite*

**{¶ 11}** On February 19, 2024, Howard sent an electronic kite to Robinson in which Howard requested copies of four kites he had sent. Howard attests that he has not been provided two of the kites. Robinson attests that he provided Howard with these kites on February 22. He submits as evidence a letter he wrote to Howard on February 22 notifying Howard of the cost for the copies of the kites and requiring that Howard pay for them. Howard does not respond to Robinson's attestation that he provided Howard with the records nor does Howard mention the copying-cost letter.

**{¶ 12}** Howard bears the burden to show entitlement to a writ by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. Here, respondents provided evidence in the form of Robinson's affidavit and the February 22 letter to Howard indicating that Robinson had produced the kites. Howard's only contradicting evidence is his own affidavit. Absent other supporting evidence, Howard's affidavit is not sufficient to meet his burden to show by clear and convincing evidence that he is entitled to a writ. *See State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 5-6; *State ex rel. Ware v. Dept. of Rehab. & Corr.*, 2024-Ohio-1015, ¶ 19 (lead opinion) and *id.* at ¶ 51 (DeWine and Deters, JJ., concurring in part and dissenting in part) (agreeing with the three-justice lead opinion to the extent that it determined that the relator was not entitled to a writ of mandamus).

**{¶ 13}** Therefore, we deny the writ of mandamus and statutory damages as to the February 19, 2024 request.

*E. The February 26, 2024 kite*

{¶ 14} Howard alleges that on February 26, 2024, he sent an electronic kite to an MCI public-records officer requesting several memos and directives and also requesting a copy of a kite that requested certain camera footage. He states that he has not been provided with the requested records. Neither Howard nor respondents have submitted a copy of the February 26 kite. Respondents assert that they believe that the records Howard is requesting are another institution's or agency's records. Howard does not respond to this assertion. Robinson attests that the unspecified agency sent Howard a CD in the mail but that MCI prohibited Howard from having it because it was contraband. Instead of giving the CD to Howard, the prison told him that he could have the CD sent to his attorney or a family member. Respondents submit as evidence a picture of a CD and a form from MCI notifying Howard that the CD was being withheld. The form is dated February 23.

{¶ 15} Howard bears the burden to plead and prove facts showing that he requested a public record and that respondents did not make the record available. *See Welsh-Huggins*, 2020-Ohio-5371, at ¶ 26. Howard has not submitted a copy of his February 26 kite, and based on the filings and the evidence submitted, it is not clear what records he requested or whether those records were provided. Thus, we conclude that Howard has not shown that respondents failed to comply with their duties regarding this request.

{¶ 16} We therefore deny the writ of mandamus and deny statutory damages as to the February 26 request.

*F. The July 8, 2024 kite*

{¶ 17} On July 8, 2024, Howard sent an electronic kite to Plank. In that kite, he requested copies of six kites and a "technologies notice." Plank responded to the kite on July 11, writing: "Received. I will call for you." Howard avers in an affidavit that he executed on December 3, 2024, and filed in this court on December 12 that as of December 3, he had not received copies of the records. Plank attests

that she has provided Howard with many records since July 8.  She attests: "It is my sincere belief that I provided Mr. Howard with the records he requested [in the July 8 kite].  However, other than the kite indicating I contemporaneously responded and informed him that I would call for him to receive the records, I do not have any documentation to prove that he received the requested records."  Plank also attests that "in an effort to ensure continued compliance," she met with Howard on December 13—after Howard filed this mandamus action—and provided him with the records he requested in the July 8 kite.  She includes as evidence a receipt form signed by Howard.

{¶ 18} In general, "providing the requested records to the relator after the suit is filed in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 5.  Howard has not responded to Plank's attestation that she provided him with the records after he filed his mandamus complaint, but we conclude, based on Plank's affidavit and the receipt form signed by Howard, that Howard has now received the records.  We therefore deny the writ for the July 8 request as moot.

{¶ 19} However, Howard's request for statutory damages is not moot.  *See Grim* at ¶ 5.  "Statutory damages will be awarded when a public-records custodian takes an unreasonable length of time to produce the requested records."  *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18.  Howard made his request on July 8.  If Plank did not provide the records until December 13, this response time might be unreasonable.

{¶ 20} Plank attests, however, that she believes she provided Howard with the records shortly after he requested them.  Plank notes that she has met with Howard many times since July 8 to provide him with records in response to his numerous public-records requests.  She attests: "Each time, I would ask Mr. Howard if there was anything else he needed, or if he needed additional documents.

7

To date, Mr. Howard has not raised any issue with the records he has received from me."

{¶ 21} "A relator is required to prove by clear and convincing evidence that he is entitled to statutory damages." *Grim*, 2024-Ohio-4822, at ¶ 19. We conclude that Howard is not entitled to statutory damages for this request. Evaluating the totality of the evidence—particularly Plank's attestation that she believes she provided Howard with the records shortly after he requested them, along with her attestation that she has provided Howard with numerous records in response to public-records requests since July 8 and that when she asked him if he needed additional documents, Howard never mentioned that he had unfulfilled requests— Howard has not shown by clear and convincing evidence that Plank failed to timely produce the records.

{¶ 22} Therefore, we deny the writ of mandamus and statutory damages for the July 8, 2024 request.

## III. CONCLUSION

{¶ 23} Because Howard has not shown by clear and convincing evidence that respondents failed to produce public records in response to his requests, we deny his request for a writ of mandamus. We also deny his request for statutory damages and his motion for default judgment.

Writ denied.

————————————————

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 24} I concur in the court's judgment, with one exception—its denial of statutory damages to relator, Jeffery L. Howard, in connection with his July 8, 2024 public-records request. In denying Howard's request for statutory damages, the majority relies on a legally deficient statement in respondent Kasey Plank's affidavit and on her statement that she has properly filled other public-records requests. Because the evidence supports a finding that Plank did not fulfill

8

Howard's July 8 request for public records until more than ten business days after this mandamus action was filed, Howard is entitled to an award of statutory damages in the amount of $1,000. Therefore, I concur in part and dissent in part.

{¶ 25} On July 8, Howard sent Plank a kite requesting copies of six kites and the "ViaPath technologies notice 'Tablet transfers between facilities,' July 2, 2024." Plank responded on July 11, stating: "Received. I will call for you." Howard filed this mandamus action on September 27, alleging, in part, that Plank had failed to provide public records responsive to his July 8 request.

{¶ 26} As evidence in this mandamus action, Plank filed an affidavit in which she avers personal knowledge of the following: (1) that she received the July 8 request and responded to it, (2) that "[i]t is [her] sincere belief that [she] provided Mr. Howard with the records he requested" on July 8 but that she has no documentation to prove that she provided the requested records to Howard at that time, and (3) that she provided Howard with the requested records on December 13, which is supported by a receipt-of-records document signed by Howard.

{¶ 27} Relying on Plank's affidavit, the majority denies Howard's request for statutory damages based largely on Plank's statement that it is her sincere belief that she provided Howard with the requested public records sometime after his July 8 request but before Howard filed this mandamus action. Majority opinion, ¶ 21. The majority concludes that this "attestation," along with Plank's averments that she has performed her duties to provide Howard with other public records he requested, is sufficient to rebut Howard's claim that he did not timely receive the records he requested on July 8. *Id.* However, Plank's "sincere belief" is not an averment based on personal knowledge, and her fulfillment of Howard's other public-records requests is not evidence that she complied with the law and fulfilled Howard's July 8 request.

*Plank Failed to Prove that She Fulfilled Howard's*
*July 8 Public-Records Request Before this Action Was Filed*

**{¶ 28}** This court has long held that "an affidavit must appear on its face to [be] . . . in compliance with all legal requisitions." *Benedict v. Peters*, 58 Ohio St. 527, 536 (1898). In Ohio, an affidavit is a "written declaration [made] under oath." R.C. 2319.02. As such, an affidavit is a form of written testimony. *See Wallick Properties Midwest, L.L.C. v. Jama*, 2021-Ohio-2830, ¶ 18 (10th Dist.). A party may present testimony to a court only if "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evid.R. 602. A witness is "'incompetent' to testify to any fact unless he or she possesses firsthand knowledge of that fact." Weissenberger, *Weissenberger's Ohio Evidence Treatise*, § 602.1 (2024); *see State v. Fears*, 1999-Ohio-111, ¶ 36 (holding that testimony not based on personal knowledge was inadmissible). The requirements for an affidavit are straightforward: "statements contained in affidavits must be based on personal knowledge." *Carkido v. Hasler*, 129 Ohio App.3d 539, 548, fn. 2 (7th Dist. 1998); *see* 2A C.J.S., Affidavits, § 46, at 285-287 (2023); *see, e.g.*, Civ.R. 56(E) and Supreme Court Rule of Practice 12.02(B)(2). An affidavit based on the best of the affiant's knowledge and belief, even if it is a sincere belief, does not satisfy the requirement that the affidavit be based on personal knowledge. *See State ex rel. Esarco v. Youngstown City Council*, 2007-Ohio-5699, ¶ 15-16; *State ex rel. Henderson v. Clermont Cty. Bd. of Elections*, 2024-Ohio-333, ¶ 14; *see also* Evid.R. 602 ("A [lay] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

**{¶ 29}** This court understands the legal necessity for personal knowledge in an affidavit because the court routinely considers affidavits filed to support the statements of fact in original-action complaints filed under Rule 12.02. And when an affidavit does not meet the personal-knowledge requirement, this court has

consistently dismissed the action. *See State ex rel. Evans v. Blackwell*, 2006-Ohio-5439, ¶ 31, citing *State ex rel. Hackworth v. Hughes*, 2002-Ohio-5334, ¶ 24. "Even before [the Supreme Court Rules of Practice] expressly required that affidavits supporting the claim be based on the affiant's personal knowledge, we dismissed original actions that did not include affidavits with a statement to that effect." *State ex rel. Commt. for Charter Amendment for an Elected Law Director v. Bay Village*, 2007-Ohio-5380, ¶ 10, citing as an example *State ex rel. Shemo v. Mayfield Hts.*, 2001-Ohio-203.

**{¶ 30}** In this action, Howard met the legal requirement of having personal knowledge of the facts expressed in his affidavit. Howard attested under penalty of perjury in his September 20 affidavit supporting his mandamus complaint that he had not received the records he requested on July 8. He plainly has personal knowledge of whether he received the records.

**{¶ 31}** On the other hand, it is apparent from Plank's affidavit that she does not know whether prior to December 13 she provided Howard with the public records he requested on July 8. Her equivocation is a telltale sign that she is unsure. Her affidavit states: "It is my sincere belief that I provided Mr. Howard with the records he requested [on July 8]." But "[b]elief, no matter how sincere, is not equivalent to knowledge." *Jameson v. Jameson*, 176 F.2d 58, 60 (D.C.Cir. 1949).

**{¶ 32}** And consider the effect of what the majority does when it relies on Plank's sincere belief. The majority places a greater burden of proof on the public-records requester than it does on the public office or person responsible for the public records. When Howard asserts a fact based on firsthand knowledge (i.e., his assertion that he did not receive records in response to his July 8 records request) and in response to Howard's assertion, the government official, Plank, asserts a belief without the faintest pretense of knowledge (i.e., her assertion that it is her sincere belief that she gave Howard the requested records soon after he asked for them), the majority treats Plank's belief of the facts as dispositive, concluding that

statutory damages are not warranted. *See* majority opinion, ¶ 21. The majority's unequal treatment of these averments is indefensible. While it is true that they should not be treated equally, it is Howard's averment based on personal knowledge that is dispositive of the issue.

{¶ 33} Moreover, consider the confusion the majority is creating for Ohio courts. What does the personal-knowledge requirement for an affidavit mean in light of the majority's decision today?

{¶ 34} And what does Plank's having fulfilled other public-records requests have to do with whether she filled the one at issue here? It is a logical fallacy to conclude that because Plank fulfilled other public-records requests, she fulfilled Howard's July 8 request. This is particularly so when the evidence submitted by Plank shows that her practice of fulfilling public-records requests includes retaining a copy of what she provided to the requester as proof of compliance with the law. And yet she admits that she has no proof that she complied with the law regarding Howard's July 8 request until December 13.

{¶ 35} As stated above, Plank's having a sincere belief that she fulfilled Howard's request is not the same as her having personal knowledge that she did, and so her statement of personal belief is not evidence that she complied with the Ohio Public Records Act, R.C. 149.43. Moreover, the fact that Plank fulfilled Howard's other public-records requests is irrelevant to whether she fulfilled his July 8 request. A records custodian's response to each public-records request must be individually evaluated. And the majority's reliance on Plank's evidence showing that she complied with the law with regard to different requests from Howard to prove that she complied with his July 8 request is pure fantasy. This portion of the majority's decision belongs in a tragicomedy, as it will make those who read it both cry and laugh at the contorted positions the majority has to hold to reach its predetermined decision.

**{¶ 36}** Howard has provided the only evidence to establish whether Plank fulfilled this request before December 13. Because there is no reliable evidence to rebut Howard's evidence, Howard has shown by clear and convincing evidence that he did not receive the records until five months after he made his request and that he therefore may be entitled to statutory damages.

*Howard Is Entitled to Statutory Damages*

**{¶ 37}** R.C. 149.43(C)(2)[4] provides that a requester is entitled to recover statutory damages of "one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with [R.C. 149.43(B)], beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." "R.C. 149.43(B) does not set forth a deadline by which a public office must respond to a request for copies of public records. The only requirement is that a copy be made available in a reasonable period of time." *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23. Whether the period is "reasonable" depends on all the pertinent facts and circumstances. *Id.*

**{¶ 38}** On July 8, Howard made a public-records request seeking six kites and a technologies notice. Howard did not receive the records, and he filed this mandamus action on September 27. Because Plank's assertion that she has a "sincere belief" that she provided Howard with the records shortly after he requested them is not the same as her having personal knowledge of that assertion and because the evidence shows that she provided the records on December 13, I would find that Plank fulfilled Howard's request for public records five months after he made the request and 52 business days after he filed this mandamus action.

---

4. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

**{¶ 39}** In *State ex rel. Mobley v. Powers*, 2024-Ohio-3315, we concluded that a records custodian's nearly three-month delay in producing five individual annual reports and a records-retention schedule was an unreasonable delay. *Id.* at ¶ 3, 9-11; *see also State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 5-6, 34 (describing the records that Mobley requested and deferring the determination of statutory damages, which we later granted, 2024-Ohio-3315).

**{¶ 40}** Here, Howard sought seven records, and there was a five-month delay in Plank's production of the requested records.

**{¶ 41}** Plank argues that under R.C. 149.43(C)(2), a court may reduce or decline to award statutory damages if it finds that based on the law as it existed at the time that the public office allegedly failed to comply with R.C. 149.43, "a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct . . . did not constitute a failure to comply . . . with [R.C. 149.43(B)]," R.C. 149.43(C)(2)(a), and that "a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct . . . of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b).

**{¶ 42}** Plank argues that any award of statutory damages should be reduced. In support of that argument, she relies on her affidavit averring that she has provided Howard with many records since July 8 and that each time, she had asked him whether there was anything else he needed and he never raised any issue with the responses he had received to his requests. In effect, Plank attempts to shift her burden of ensuring compliance with R.C. 149.43(B) to Howard by arguing that he needed to inform her of her noncompliance with the Public Records Act in order to receive statutory damages. However, "[t]he General Assembly placed all burdens regarding the production and transmission of public records on the custodians of the public records—the government." *State ex rel. Mun. Constr. Equip. Operators'*

14

*Labor Council v. Cleveland*, 2020-Ohio-3197, ¶ 68 (Kennedy, J., concurring in judgment only).

**{¶ 43}** Therefore, Howard is entitled to an award of statutory damages in the amount of $1,000 under R.C. 149.43(C)(2). The factors that allow a court to reduce statutory damages do not apply here.

*Conclusion*

**{¶ 44}** The Public Records Act codifies the people's right to access governmental records and permits the people to scrutinize their government. *State ex rel. Oriana House, Inc. v. Montgomery*, 2006-Ohio-4854, ¶ 36. "'"[P]ublic records are the people's records, and . . . the officials in whose custody they happen to be are merely trustees for the people."'" *Dayton Newspapers, Inc. v. Dayton*, 45 Ohio St.2d 107, 109 (1976), quoting *State ex rel. Patterson v. Ayers*, 171 Ohio St. 369, 371 (1960), quoting 35 Ohio Jur., Inspection of Records: Generally, § 41, at 45 (1934).

**{¶ 45}** The Public Records Act applies to all people. By denying Howard statutory damages based on a legally deficient averment in Plank's affidavit and on her actions in responding to other public-records requests, the majority upends this court's public-records precedent.

**{¶ 46}** For the foregoing reasons, I concur in part and dissent in part and would award Howard statutory damages in the amount of $1,000 in relation to his July 8 records request, in accordance with R.C. 149.43(C)(2).

_____

Jeffery L. Howard, pro se.

Dave Yost, Attorney General, and Matthew P. Convery and B. Alexander Kennedy, Assistant Attorneys General, for respondents.

_____