[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Castellon v. Swallow*, Slip Opinion No. 2025-Ohio-5576.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5576

THE STATE EX REL. CASTELLON *v*. SWALLOW ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Castellon v. Swallow*, Slip Opinion No. 2025-Ohio-5576.]**

*Mandamus—Public-records requests—Respondents produced all responsive records in their possession except for buccal swab, which relator failed to address in his merit brief—Respondents did not start producing records responsive to relator's February 23 and May 16, 2024 public-records requests until nine months after receiving the requests—Writ denied as moot, relator awarded $2,000 in statutory damages, and relator's requests for court costs and attorney fees denied.*

(No. 2025-0085—Submitted September 16, 2025—Decided December 17, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.  FISCHER, J., concurred except

as to the award of statutory damages.

**Per Curiam.**

{¶ 1} Relator, Estephen Castellon, brings a public-records mandamus action against respondents, the Lakewood Police Department and Jennifer Swallow, the chief assistant law director for the City of Lakewood, following two public-records requests that he sent to the city in 2024. Castellon requests a writ of mandamus ordering respondents to produce the requested records. He also requests awards of statutory damages, attorney fees, and court costs.

{¶ 2} Castellon subsequently filed a motion for leave to amend his complaint by adding allegations and a mandamus claim regarding a third public-records request he sent to the city. We deny Castellon's motion, deny the writ as moot, deny his attorney-fees and court-costs requests, and award him $2,000 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY
### A. The public-records requests

{¶ 3} After Castellon was released from prison, he submitted through the city's online records portal two public-records requests asking for police records relating to a 2016 criminal case against him.

{¶ 4} First, on February 23, 2024, Castellon requested footage recorded by two identified police officers' body cameras on August 21, 2016, and four items listed in a chain-of-custody report. The police department identified the four requested items listed in the report as (1) a DVD containing a video interview, (2) a buccal swab, (3) a CD containing a phone interview, and (4) a thumb drive containing documents relating to a search of Castellon's cellphone. In its initial response, the police department stated that the requested records did not exist, because they had been "expunged."

**{¶ 5}** Second, on May 16, 2024, Castellon submitted a public-records request asking for a copy of the police department's records-retention schedule and "the court order that determined that the items [requested on February 23 were] no longer needed as evidence." Later that day, Swallow responded on behalf of the police department by stating that the department's response to the February 23 request "was not fully accurate." Nonetheless, she denied the May 16 request because Castellon had not complied with R.C. 149.43(B)(8) (requiring an incarcerated individual requesting public records concerning a criminal investigation or prosecution to first obtain certain findings by the judge who sentenced him or the sentencing judge's successor).

### B. Procedural history

**{¶ 6}** On January 17, 2025, Castellon filed this mandamus action, requesting that we order respondents to produce copies of the records identified in his February 23 and May 16 public-records requests. He also asks for awards of statutory damages, court costs, and attorney fees.

**{¶ 7}** After respondents filed an answer, we granted an alternative writ, setting a schedule for the submission of evidence and briefs. *See* 2025-Ohio-1313. Respondents then filed a motion to refer the case to mediation. Both parties submitted evidence while the motion was pending. We granted respondents' motion, referred the case to mediation, and stayed the remaining filing deadlines. 2025-Ohio-1725; *see also* S.Ct.Prac.R. 19.01. We ultimately returned the case to the regular docket. 2025-Ohio-2120.

### 1. Submitted evidence

**{¶ 8}** Respondents' evidence contains three affidavits. In her affidavit, Swallow attests that the police department's initial response to Castellon's February 23 public-records request was not fully accurate, because the requested body-camera footage had been deleted in accordance with the department's records-retention schedule, not "expunged" as originally stated. Swallow also attests that

she mistakenly denied the May 16 request under R.C. 149.43(B)(8) because she thought that Castellon was still incarcerated.

{¶ 9} Swallow worked with Sergeant David Acklin, who is assigned to the special-operations unit of the police department, to identify and locate the four chain-of-custody items Castellon requested on February 23. Sergeant Acklin attests that after unsuccessfully attempting to electronically send Castellon the video interview (the first requested item), the sergeant copied the interview onto a DVD and mailed it to Castellon on March 14, 2025. Sergeant Acklin further attests that he uploaded the entirety of the phone-interview recording and cellphone records onto a thumb drive (the third and fourth requested items). Swallow attests that the thumb drive was mailed to Castellon; he received it on May 2, 2025. She also attests that the second requested item was not produced, because it had been identified as a buccal swab.

{¶ 10} Regarding the May 16 public-records request, James Motylewski, the city's public-records manager, attests that he electronically sent Castellon the police department's records-retention schedule on February 28, 2025.

{¶ 11} Castellon's evidence contains the two public-records requests he sent in 2024, his communications with the police department, and a third request that he submitted through the city's online records portal after he filed this mandamus action. Among the submitted communications is a letter dated April 30, 2025. The letter was sent by Swallow and addresses both the February 23 and May 16 requests. The letter states that the requested video interview and records-retention schedule had already been produced, that the requested body-camera footage no longer exists, and that the requested buccal swab is physical evidence that cannot be produced. The letter further states that a thumb drive containing the requested phone-interview recording and cellphone records was enclosed and that the records stored on the thumb drive are accessible by using particular software.

*2. Castellon's motion for leave to amend his complaint*

{¶ 12} After the case was returned to the regular docket and two weeks before respondents' merit brief was due, Castellon filed a motion for leave to amend his complaint. Respondents filed a response in opposition to Castellon's motion. Respondents then filed their merit brief, and Castellon filed a reply brief.

## II. ANALYSIS

### A. Castellon's motion for leave to amend his complaint

{¶ 13} In his motion for leave to amend his complaint, Castellon asserts that respondents' responses and evidence have introduced inconsistencies that he needs to address in his complaint. He also requests leave to add to his complaint a mandamus claim regarding the public-records request that he submitted after he filed his complaint. In response, respondents argue that granting Castellon's motion would prejudice them and cause undue delay in the proceedings. We agree with respondents.

{¶ 14} When the time to amend the complaint as of right has expired, a party may file a motion for leave to amend. *See* S.Ct.Prac.R. 12.04(A)(2) and 3.13(B)(3); *see also* Civ.R. 15(A). Although Civ.R. 15(A) favors a liberal policy on amendments, a finding of bad faith, undue delay, or undue prejudice to the party opposing the amendment is a basis for denying a motion for leave to amend. *See State ex rel. Doe v. Capper*, 2012-Ohio-2686, ¶ 8.

{¶ 15} In requesting leave to amend his complaint, Castellon first alleges that the police department improperly destroyed the body-camera footage he had requested. Castellon cannot bring a claim related to the improper destruction of public records in this court. *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 11, citing R.C. 149.351(B).

{¶ 16} Castellon also seeks leave to amend his complaint by adding arguments and evidence in opposition to respondents' evidence showing that the requested cellphone records were already produced. Specifically, Castellon relies

on documents already in evidence as well as new documents attached to his amended complaint. However, his new arguments opposing respondents' evidence are not raised as new claims. And to the extent that Castellon seeks to introduce rebuttal evidence by way of his amended complaint, S.Ct.Prac.R. 12.06(B) provides that a "[r]elator may file a motion for leave to file rebuttal evidence within the time permitted for the filing of [the] relator's reply brief" and that the "rebuttal evidence shall be attached to the motion for leave." Castellon did not file a motion for leave to submit rebuttal evidence. Therefore, we reject Castellon's request to amend his complaint by adding new arguments and evidence in opposition to respondents' evidence showing that the requested cellphone records were produced.

{¶ 17} Finally, Castellon seeks leave to assert a new mandamus claim alleging that respondents failed to respond to a public-records request he sent on May 4, 2025. That request was for "all Audit logs of Deletion/Purging, IT Department Records, Chain of Custody Documentation, Polices and Procedures and Internal Communications related to the iPhone." (Boldface and italics deleted.) Castellon submitted the request nearly four months after he filed his complaint. By the time Castellon sought leave to amend his complaint, respondents had already filed their answer and evidence and were within two weeks of their merit-brief deadline. Allowing the mandamus claim to be added to the complaint at this time would prejudice respondents and cause undue delay in the proceedings.

{¶ 18} Accordingly, we deny Castellon's motion for leave to amend his complaint.

### B. Castellon's request for a writ of mandamus

{¶ 19} The Public Records Act requires that a public office make public records available upon request. *See* R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Howard v. Plank*, 2025-Ohio-2325, ¶ 6. To obtain the writ, Castellon must prove by clear and convincing evidence a clear legal right to the records requested and a

corresponding clear legal duty on the part of respondents to produce them. *State ex rel. Ware v. Sheldon*, 2025-Ohio-1768, ¶ 10. "In general, however, providing the requested records to the relator after the suit is filed in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 5; *accord State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 7.

{¶ 20} As a preliminary point, Castellon abandoned his mandamus claim regarding the buccal swab by failing to address it in his merit brief. *See State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 16, 19 (addressing mandamus claim only as to public-records request addressed in merit brief after the relator narrowed relief sought); *State ex rel. Gregory v. Toledo*, 2023-Ohio-651, ¶ 8 (holding that the relator forfeited his mandamus claim seeking to compel production of a record by failing to include the claim in his merit brief). Therefore, Castellon's mandamus claim regarding the buccal swab is no longer at issue.

{¶ 21} As for the other requested records, Castellon asked for body-camera footage recorded by two identified officers, items listed in a chain-of-custody report, and the police department's records-retention schedule. Respondents acknowledge that their initial responses to Castellon's requests for these items were not accurate. Indeed, respondents admit that Castellon is entitled to an award of statutory damages because they failed to timely produce responsive records in their possession. Although respondents admit that Castellon is entitled to statutory damages, they argue that his mandamus claims are moot because all responsive records in their possession have been provided to him. Respondents are correct.

{¶ 22} Sergeant Acklin attests that he mailed a DVD containing the requested video interview to Castellon. The sergeant further attests that he copied the entirety of the requested phone-interview recording and cellphone records onto a thumb drive. Swallow attests that the thumb drive was mailed to Castellon. Motylewski attests that he electronically sent Castellon the police department's

records-retention schedule. Accordingly, respondents have shown that all responsive records in their possession were produced.

{¶ 23} Despite the attestations made by Sergeant Acklin, Swallow, and Motylewski in their affidavits, Castellon does not concede that his mandamus claims are moot. However, he submits no evidence showing that unproduced records exist. Additionally, respondents' evidence shows that Swallow sent Castellon a letter informing him that the cellphone records are accessible using particular software, and Castellon presents no evidence showing that he was unable to access the records using the software. Therefore, Castellon has failed to prove by clear and convincing evidence that additional responsive records exist.

{¶ 24} Castellon's argument that "a digital audit" is required refers to his May 4, 2025 public-records request. In that request, he asked for "all Audit logs of Deletion/Purging, IT Department Records, Chain of Custody Documentation, Policies and Procedures and Internal Communications related to the iPhone." (Boldface and italics deleted.) He also seems to argue that the police department must do more to prove that its alleged destruction of the body-camera footage was proper.

{¶ 25} Castellon did not address his May 2025 public-records request in his complaint, and he cannot obtain relief that was not requested in the complaint. *See State ex rel. Scott v. Toledo Corr. Inst*., 2024-Ohio-2694, ¶ 14; S.Ct.Prac.R. 12.02(B)(3). To the extent that Castellon argues that the police department must conduct "a digital audit" to sufficiently prove that the requested body-camera footage was properly destroyed, the argument lacks merit. Whether the requested body-camera footage was properly destroyed is not relevant to the issue whether Castellon is entitled to a writ of mandamus ordering production of the footage. *See Culgan* at ¶ 10. Put another way, a public-records custodian cannot be compelled to produce records that do not exist. *See State ex rel. Pietrangelo v. Avon Lake*,

2016-Ohio-5725, ¶ 20 (noting that requested records that had been destroyed, "correctly or not," could not be produced).

### C. Castellon's requests for statutory damages, attorney fees, and court costs

{¶ 26} Even though Castellon's request for a writ of mandamus is moot, his requests for awards of statutory damages, attorney fees, and court costs are not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7.

{¶ 27} A requester who submits a written request by electronic submission, as Castellon did, may recover statutory damages if the request "fairly describes the public record or class of public records" requested and a court determines that a public-records custodian failed to comply with an obligation set forth in R.C. 149.43(B), R.C. 149.43(C)(2).[1] Statutory damages accrue at a rate of $100 for each business day that the records custodian fails to meet one of the custodian's obligations under R.C. 149.43(B), starting on the day the requester files a mandamus action, up to a maximum of $1,000. *Id*.

{¶ 28} The record shows that respondents did not start producing records responsive to Castellon's February 23 and May 16, 2024 public-records requests until nine months after receiving the requests and more than ten business days after Castellon filed this action. Respondents acknowledge the delay in production and admit that Castellon is entitled to $2,000 in statutory damages. Accordingly, we award Castellon $2,000 in statutory damages.

{¶ 29} Because Castellon brought his mandamus action pro se and filed an affidavit of indigency, he is not entitled to attorney fees and there are no court costs to award. *See Woods*, 2023-Ohio-1241, at ¶ 11-12 (a pro se relator who filed an

---

1. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

affidavit of indigency cannot recover attorney fees or court costs).  Therefore, we deny Castellon's requests for awards of court costs and attorney fees.

### III.  CONCLUSION

{¶ 30} Because uncontroverted evidence shows that respondents have produced the requested public records in their possession, we deny Castellon's request for a writ of mandamus as moot.  We award Castellon $2,000 in statutory damages but deny his requests for awards of court costs and attorney fees.  And we deny Castellon's motion for leave to amend his complaint.

Writ denied as moot.

_____

Estephen Castellon, pro se.

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, Frank H. Scialdone, and Jillian Eckart, for respondents.

_____