[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Jenkins*, Slip Opinion No. 2026-Ohio-1994.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1994

THE STATE EX REL. BATES *v.* JENKINS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Jenkins*, Slip Opinion No. 2026-Ohio-1994.]

*Mandamus—Public-records requests—R.C. 149.43—Inmate not entitled to writ for public record he requested that he was provided before filing his complaint or for public records he requested that he has been provided since filing his complaint—Writ denied in part and denied as moot in part, and request for statutory damages denied.*

(No. 2025-1077—Submitted March 24, 2026—Decided June 3, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion. FISCHER, J., concurred in judgment only.

**Per Curiam.**

**{¶ 1}** Relator, Robert Bates, filed this original action in mandamus in August 2025, seeking the production of public records from respondents, Michael D. Jenkins, an employee of the Ohio Department of Rehabilitation and Correction ("ODRC") at Toledo Correctional Institution ("ToCI"), and S. Payton, an employee of the Bureau of Sentence Computation ("BOSC"). Bates, an inmate at ToCI, alleges that he submitted four public-records requests to respondents in late 2024 and early 2025 but that he never received the requested records. Bates seeks copies of the requested records and $4,000 in statutory damages.

**{¶ 2}** Because respondents provided Bates with one of the requested records before he filed suit, we deny the writ as to that record. With respect to the remaining records that Bates requested, we deny the writ as moot because respondents provided copies of those records to Bates after he filed suit. We also deny Bates's request for statutory damages.

**{¶ 3}** After the close of briefing, Bates filed a motion for leave to file revised evidence, which we deny.

## I. BACKGROUND

**{¶ 4}** Bates is an inmate at ToCI. In late 2024 and early 2025, he submitted four public-records requests to respondents:

1.  On October 31, 2024, Bates sent an electronic kite[1] to the "BOSC supervisor," requesting a copy of a journal entry from Cuyahoga County Court of Common Pleas case No. CR-07-501710-A ("request No. 1").

2.  On January 8, 2025, Bates sent an electronic kite to Jenkins, requesting a copy of kite No. 518948021 that he had previously sent to the warden's administrative assistant ("request No. 2").

---

1. "A kite is a written communication between an inmate and a prison official." *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 15.

3. On February 24, 2025, Bates sent an electronic kite to Jenkins, requesting copies of grievance Nos. TOCI 8619 and TOCI 4180 and kites Nos. 402841591, SOCF0223001286, SOCF0223001129, SOCF0323001229, and SOCF0323001755 ("request No. 3").

4. On March 24, 2025, Bates allegedly hand delivered to Jenkins a handwritten note in which he made a second request for a copy of grievance No. TOCI 8619 ("request No. 4").

{¶ 5} On August 18, 2025, Bates filed a complaint for a writ of mandamus seeking an order compelling respondents to provide him with copies of the public records he asked for in request Nos. 1 through 4. Bates attached to his complaint a written affirmation, sworn before a notary public on August 7, in which he attests that at least three business days before filing this mandamus action, he properly transmitted a complaint to respondents alleging their failure to provide him with copies of the requested records and that the alleged failure has not been cured.

{¶ 6} Respondents timely answered the complaint. Bates filed a "motion to grant a writ of mandamus and statutory [damages]" against Jenkins, and Jenkins filed a motion to strike Bates's motion. We granted Jenkins's motion to strike and issued an alternative writ, setting the schedule for the filing of briefs and the presentation of evidence. 2025-Ohio-5079. The parties filed evidence and merit briefs. Bates did not file a reply brief but subsequently filed a motion for leave to file revised evidence.

## II. MOTION FOR LEAVE TO FILE REVISED EVIDENCE

{¶ 7} After the close of briefing, Bates filed a motion for leave to file revised evidence, along with his proposed revised evidence. His proposed revised evidence is identical to his initial presentation of evidence, except that it contains an affidavit in which he attempts to (1) present an extended legal argument on an issue raised in respondents' merit brief and (2) rebut respondents' evidence.

Therefore, we construe the motion as a request for leave to file rebuttal evidence or for supplemental briefing.

{¶ 8} In original actions, a motion for leave to file rebuttal evidence is governed by S.Ct.Prac.R. 12.06(B), which provides that the relator may file a motion for leave to file rebuttal evidence "within the time permitted for the filing of [the] relator's reply brief." Here, because Bates filed his motion after the deadline for filing his reply brief, it is untimely. *See State ex rel. Rosnick v. Geauga Cty. Sheriff's Office*, 2026-Ohio-1127, ¶ 16 (construing motion for leave to file revised evidence as motion for leave to file rebuttal evidence and denying it as untimely).

{¶ 9} Construed as a request for supplemental briefing, the motion is improper. Bates did not file a reply brief, even though the briefing schedule that we set allowed him to do so within seven days of the filing of respondents' merit brief. *See* 2025-Ohio-5079. Nevertheless, the affidavit in Bates's proposed revised evidence includes legal arguments that reply directly to arguments set forth in respondents' merit brief. S.Ct.Prac.R. 16.08 prohibits such supplemental briefing. *See, e.g.*, *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 10-11 (denying motion for leave to correct reply brief with supplemental argument and additional authority); *State ex rel. Marmaduke v. Ohio Police & Fire Pension Fund*, 2016-Ohio-5550, ¶ 24-26 (striking motions for judicial notice that attempted to supplement merit brief with additional argument and evidence, which was not permitted by S.Ct.Prac.R. 16.08).

{¶ 10} We accordingly deny Bates's motion for leave to file revised evidence.

### III. ANALYSIS

{¶ 11} Effective April 9, 2025, the General Assembly amended Ohio's Public Records Act, R.C. 149.43, establishing new procedural requirements for a public-records requester to bring a mandamus action seeking to compel the

4

production of public records and eliminating awards of statutory damages in such actions to relators who are incarcerated. *See* R.C. 149.43(C)(1) through (3), 2024 Sub.H.B. No. 265 ("H.B. 265"). The new procedures require a person seeking to enforce his rights under the Public Records Act by way of a mandamus action to provide the public office from which records were requested with notice and an opportunity to cure before filing suit. *See* R.C. 149.43(C)(1) and (2); *see also State ex rel. Jordan v. Dept. of Rehab. & Corr.*, 2025-Ohio-3051, ¶ 4 (DeWine, J., concurring). Here, as explained in Section III.B. below, we apply the version of the Public Records Act enacted in H.B. 265 since that was the version in effect when Bates filed this mandamus action. *See id*. at ¶ 5.

{¶ 12} The Public Records Act requires that a public office make public records available upon request. *See* R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Howard v. Plank*, 2025-Ohio-2325, ¶ 6. To obtain the requested writ, Bates must prove by clear and convincing evidence that he has a clear legal right to the records requested and that respondents have a corresponding clear legal duty to provide them. *State ex rel. Ware v. Sheldon*, 2025-Ohio-1768, ¶ 10. However, if respondents provided Bates with copies of the requested records after Bates filed suit, the mandamus claim regarding those records is rendered moot. *State ex rel. Castellon v. Swallow*, 2025-Ohio-5576, ¶ 19.

### A. Public-Records Requests

#### 1. *Request No. 1—The Journal Entry*

{¶ 13} In request No. 1, sent by electronic kite to the "BOSC supervisor," Bates asked for a copy of a journal entry from one of his criminal cases in the Cuyahoga County Court of Common Pleas. Bates is not entitled to a writ of mandamus pertaining to this request, because Payton provided Bates with a copy of the requested record on November 25, 2024—before Bates filed suit—and Bates acknowledged his receipt of the requested record. Because Payton provided Bates

with a copy of the requested journal entry before Bates instituted this action, Bates never had a cognizable claim in mandamus as to that record. *See State ex rel. Payne v. Rose*, 2023-Ohio-3801, ¶ 8 (denying mandamus claim outright, rather than as moot, because public-records requester received a copy of the requested record before instituting his mandamus action). Accordingly, we deny the writ with regard to request No. 1.

### 2. *Request Nos. 2 through 4—Two Grievances and Six Kites*

{¶ 14} In request No. 2, sent by electronic kite to Jenkins, Bates requested a copy of kite No. 518948021. In request No. 3, also sent by electronic kite to Jenkins, Bates requested copies of grievance Nos. TOCI 8619 and TOCI 4180 and kite Nos. 402841591, SOCF0223001286, SOCF0223001129, SOCF0323001229, and SOCF0323001755. And in request No. 4, Bates allegedly hand delivered to Jenkins a second request for a copy of grievance No. TOCI 8619.

{¶ 15} Bates is not entitled to a writ of mandamus regarding the records he asked for in these public-records requests, because after he filed this mandamus action on August 18, 2025, he was provided with copies of the requested records. The record in this case contains documents that demonstrate Bates's receipt of copies of all the records that he asked for in request Nos. 2 and 3. Although some of the receipts are undated, they are all signed. Jenkins authenticated the signed receipts by affidavit, and Bates has not argued or presented any evidence that the signatures on those receipts are not his.

{¶ 16} Because respondents produced to Bates copies of all the records he asked for in request Nos. 2 through 4 after Bates filed suit, his mandamus claim is moot as to those records. *See Castellon*, 2025-Ohio-5576, at ¶ 19. Accordingly, we deny as moot Bates's request for a writ of mandamus pertaining to request Nos. 2 through 4.

**B. Statutory Damages**

{¶ 17} Even though a request for a writ of mandamus is rendered moot once the respondent has provided the relator with copies of all the requested records, the relator's request for statutory damages is not moot. *Castellon* at ¶ 26. A public-records requester who transmits a fairly described request by an authorized delivery method is entitled to an award of statutory damages if a court determines that the public office responsible for the requested public records failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(3). However, as of April 9, 2025, inmates committed to the custody of ODRC are no longer entitled to statutory damages in public-records mandamus actions. *See* R.C. 149.43(C)(3), H.B. 265 ("Statutory damages are not available . . . to a person committed to the custody of [ODRC] . . . .").

{¶ 18} Here, we must determine whether statutory damages may be awarded since Bates, who is an inmate "committed to the custody of [ODRC]," R.C. 149.43(C)(3), filed this mandamus action after the effective date of H.B. 265, seeking an order compelling the production of public records that he requested before that date. "'A fundamental distinction exists between a law changing accrued rights and a law which changes the remedy for the enforcement of those rights.'" *Jordan*, 2025-Ohio-3051, at ¶ 7 (DeWine, J. concurring), quoting *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 542 (1937), citing *Smith v. New York Cent. RR. Co.*, 122 Ohio St. 45, 48 (1930). Under R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." And we have held that "'laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws.'" *Estate of Johnson v. Randall Smith, Inc.*, 2013-Ohio-1507, ¶ 20, quoting *Kilbreath v. Rudy*, 16 Ohio St.2d 70 (1968), paragraph two of the syllabus; *see also State v. Brooks*, 2022-Ohio-2478, ¶ 28 (DeWine, J., concurring in judgment only) ("Because the law in question applies

only prospectively—that is, to trials after its effective date—and because it is a rule of procedure, it does not implicate the Ohio Constitution's prohibition against retroactive laws.").

{¶ 19} The General Assembly's amendment to the Public Records Act in H.B. 265 regarding the availability of statutory damages is remedial: it does not alter the established statutory right of access to public records but rather, by providing that statutory damages shall not be awarded to inmates, the amendment alters the remedy an inmate has for enforcing his statutory right of access to public records. Because the General Assembly did not expressly make the amendment retrospective, it applies prospectively to any mandamus action filed on or after April 9, 2025, in which the relator is an inmate seeking the production of public records, even if the public records were requested before that date. *See Jordan* at ¶ 2, 9 (DeWine, J., concurring).

{¶ 20} Here, Bates transmitted his public-records requests to respondents between October 2024 and March 2025—before H.B. 265 took effect—and he filed the present mandamus action in August 2025—after H.B. 265 took effect. Based on our jurisprudence holding that a remedial law applies prospectively to all relevant proceedings from the date of enactment, we hold that the amendments enacted by H.B. 265 regarding the availability of statutory damages apply to this case, thus barring Bates from receiving an award of statutory damages because he is currently an inmate "committed to the custody of [ODRC]," R.C. 149.43(C). Accordingly, we deny Bates's request for statutory damages.

## IV. CONCLUSION

{¶ 21} For the foregoing reasons, we deny the writ of mandamus as to Bates's October 31, 2024 request for a copy of a journal entry from one of his criminal cases (request No. 1) and deny as moot his request for a writ of mandamus as to the records requested on January 8, February 24, and March 24, 2025 (request

Nos. 2 through 4). We also deny Bates's request for statutory damages and his motion for leave to file revised evidence.

Writ denied in part

and denied as moot in part.

————————————

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 22} I agree with the court's judgment denying relator Robert Bates's request for a writ of mandamus concerning his October 31, 2024 public-records request since respondents, Michael D. Jenkins, an employee of the Ohio Department of Rehabilitation and Correction, and S. Payton, an employee of the Bureau of Sentence Computation, provided Bates with a copy of the requested record before Bates filed his mandamus complaint. Further, I agree with the court's judgment denying Bates's request for a writ of mandamus as moot with respect to his other three public-records requests at issue here because respondents have provided Bates with copies of all the requested records since the filing of this action. I also agree with denying Bates's motion for leave to file revised evidence as untimely and improper.

{¶ 23} I disagree, however, with the majority's conclusion that because Bates is an inmate, he is barred from receiving an award of statutory damages under R.C. 149.43(C)(3), as amended effective April 9, 2025. This court's precedent requires us to apply the version of Ohio's Public Records Act, R.C. 149.43, that was in effect when the public-records requests were transmitted. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11; *State ex rel. Summers v. Fox*, 2021-Ohio-2061, ¶ 21, fn. 3. And applying that precedent means Bates is not barred from obtaining statutory damages in this case, because he transmitted his public-records requests before the April 2025 statutory amendment. Since the majority holds otherwise, I concur in part and dissent in part.

**Facts and Procedural History**

{¶ 24} I agree with the majority's recounting of events but reiterate the facts most pertinent to this opinion. Bates, an inmate at the Toledo Correctional Institution, submitted the four public-records requests at issue here between October 31, 2024, and March 24, 2025. On October 31, 2024, he transmitted an electronic kite to the attention of the supervisor of the Bureau of Sentence Computation, asking for a journal entry from Cuyahoga C.P. No. CR-07-501710-A ("request No. 1"). That request was fulfilled on November 25, 2024.

{¶ 25} On January 8, 2025, Bates transmitted an electronic kite to Jenkins, asking for a copy of kite No. 518948021 ("request No. 2"). Bates transmitted another electronic kite to Jenkins on February 24, asking for copies of grievance Nos. TOCI000000008619 and TOCI000000004180, as well as kite Nos. 402841591, SOCF0223001286, SOCF0223001129, SOCF0323001229, and SOCF0323001755 ("request No. 3"). Bates hand-delivered a fourth public-records request to Jenkins on March 24, asking for a copy of grievance No. TOCI000000008619.

{¶ 26} Effective April 9, 2025, the General Assembly amended Ohio's Public Records Act. *See* 2024 Sub.H.B. No. 265 ("H.B. 265"). Relevant here, the amended statute bars inmates from obtaining statutory damages in a public-records mandamus action. R.C. 149.43(C)(3).

{¶ 27} On August 18, 2025, Bates filed a complaint for a writ of mandamus to compel respondents to provide him with the requested records. Respondents submitted as evidence signed receipts showing that they had fulfilled Bates's request Nos. 2 through 4. Only the receipt for the five kites Bates asked for in request No. 3 was dated, indicating that Bates received those records on November 20, 2025.

10

**Law and Analysis**

*Precedent requires this court to apply the version of the Public Records Act that was in effect when Bates transmitted his public-records requests*

{¶ 28} The majority applies the version of the Public Records Act that was in effect when Bates filed his complaint for a writ of mandamus, not when he transmitted his public-records requests. *See* majority opinion, ¶ 11. But that application contradicts years of this court's precedent.

{¶ 29} This court unanimously held in *Cordell* that "[w]e apply the version of R.C. 149.43 that was in effect at the time that [the relator] made [the public-]records requests." 2019-Ohio-1216 at ¶ 11. And we denied the relator's request for an award of court costs in that case because the version of R.C. 149.43(C)(3)(a) that was in effect when the request was made did not authorize us to award court costs based on a finding of bad faith, *see id.* at ¶ 15; at that time, court costs were available only if the court ordered the public-records custodian to comply with an obligation under R.C. 149.43(B), *see* former R.C. 149.43(C)(3)(a), 2016 Sub.H.B. No. 471.

{¶ 30} In *Summers*, we said—again, unanimously—that an amendment to the Public Records Act authorizing this court to award statutory damages when the public-records request was electronically transmitted did not apply in that case, because the version of R.C. 149.43 that was in effect when the request was made authorized us to award statutory damages only when the public-records request was transmitted by hand delivery or certified mail. 2021-Ohio-2061 at ¶ 21, fn. 3, citing former R.C. 149.43(C)(2), 2017 Sub.H.B. No. 312; *accord State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 9. And this court held in *State ex rel. Doe v. Smith* that an amendment to the Public Records Act making an award of attorney fees mandatory in certain situations applied in that case because that was the law that was in effect when the public-records request was made. 2009-Ohio-4149, ¶ 5, 21, *superseded by statute on other grounds as stated in State ex rel. DiFranco v. S.*

*Euclid*, 2014-Ohio-538. If only the date the action is filed controls, then this court's statement in *Doe* that the case "pertain[ed] to a records request made after the effective date of the amendment," *id.* at ¶ 21, was wholly superfluous.

{¶ 31} While a majority of this court diverged from this precedent in *State ex rel. Jordan v. Dept. of Rehab. & Corr.*, 2025-Ohio-3051, it did so without any briefing on the issue and without overturning the aforementioned precedent. *See id.* at ¶ 25 (Kennedy, C.J., dissenting). Consequently, in *Jordan*, this court failed to exercise judicial restraint, *see id.* (Kennedy, C.J., dissenting), and we should be careful before doing the same here. Once again, the aforementioned precedent has not been addressed by the parties or the majority opinion. The fact that this issue has not been briefed by the parties should make us proceed with caution and restraint, following our long-standing precedent, rather than ignoring it. *See id.* (Kennedy, C.J., dissenting).

{¶ 32} Here, Bates made his four public-records requests before the effective date of H.B. 265. Therefore, according to our long-standing precedent, the new prohibition against awarding inmates statutory damages does not apply here, and Bates is entitled to statutory damages if he has satisfied the pre-H.B. 265 statutory requirements and respondents did not respond to his public-records requests within a reasonable time. *See* R.C. 149.43(C)(2).[2]

*Bates is entitled to statutory damages*

{¶ 33} R.C. 149.43(C)(2) allows a public-records requester to receive statutory damages if (1) the requester transmitted the request using a qualifying method, (2) the requester fairly described the records being sought, and (3) the public office did not respond to the request within a reasonable time. Qualifying

---

2. The remainder of this opinion applies the versions of R.C. 149.43 that were in effect when Bates transmitted his public-records requests: 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024) was in effect when Bates transmitted request Nos. 1 through 3, and 2024 Sub.S.B. No. 109 (effective Mar. 21, 2025) was in effect when Bates transmitted request No. 4. Division (C) of the statute was the same in both versions.

transmissions include hand delivery, certified mail, or electronic submission. *Id.* This court determines whether a public office's production of records requested under the Public Records Act occurred within a reasonable time by examining "all the pertinent facts and circumstances," *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23, such as the time it took the public office to make necessary redactions, the volume of the responsive records, and the efforts made by the public office to respond within a reasonable time, *id.*; *see also State ex rel. Shaughnessy v. Cleveland*, 2016-Ohio-8447, ¶ 22. Statutory damages are calculated at $100 for each business day after the mandamus complaint is filed that the public office fails to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). The maximum amount that may be awarded is $1,000. *Id.*

{¶ 34} Here, Bates was provided with copies of the records he asked for in request No. 1 before Bates filed his mandamus complaint, thereby negating his entitlement to statutory damages related to that request. *See* R.C. 149.43(C)(2). The receipts submitted by respondents showing the delivery of the records Bates asked for in request Nos. 2 and 4 and the grievances he asked for in request No. 3 are undated, meaning we have no clear evidence whether respondents provided those records outside a reasonable time.

{¶ 35} However, we do know that respondents did not provide Bates with the five kites he asked for in request No. 3 until November 20, 2025—over three months after Bates filed this mandamus action and over eight months after he transmitted the public-records request. That request was transmitted by electronic kite on February 24, 2025, and fairly described the kites Bates wanted by providing five specific kite numbers. Respondents do not contend or show that they needed time to redact the requested records. Nor do they argue that it took them a long time to compile the requested records. Respondents did not submit any evidence showing that the requested records were voluminous, and even that type of evidence would not, by itself, excuse an over eight-month delay. *See Shaughnessy* at ¶ 22

(finding 31 business days a reasonable time to redact and produce voluminous public records); *State ex rel. Warren Newspapers v. Hutson*, 1994-Ohio-5, ¶ 22 (holding that over four months was neither prompt nor reasonable for a police department to respond to a public-records request for "all incident reports and traffic tickets written in 1992").

{¶ 36} Since Bates has met the statutory requirements and respondents did not respond within a reasonable time to Bates's request for the five kites he asked for in request No. 3, Bates is entitled to statutory damages under R.C. 149.43(C)(2). Because the response to that public-records request was provided over three months after Bates filed for relief in mandamus, Bates is entitled to the maximum amount of damages under the statute: $1,000. *See id.*

## Conclusion

{¶ 37} For the foregoing reasons, I would award Bates $1,000 in statutory damages for the public-records request that he transmitted by electronic kite on February 24, 2025. Since the majority does not, I concur in part and dissent in part.

_____

Robert Bates, pro se.

Dave Yost, Ohio Attorney General, and Jennifer A. Driscoll, Assistant Attorney General, for respondents.

_____